Hockett v. Turner.

---

BARCLAY HOCKETT v. R. R. TURNER.

1. ERROR OCCURRING AT THE TRIAL, *Not Reviewable Until Final Judgment.* Errors occurring during the progress of a trial are not reviewable in an appellate court until after a final decision in the trial court.

2. ———— So where objection is made to the introduction of certain testimony offered by plaintiff on account of an alleged defect in his pleadings, and such objection is sustained, and thereupon the plaintiff asks and obtains leave to amend his pleadings to cover the alleged defect, and does so amend them, and thereupon on motion of defendant the jury is discharged and the case continued for trial to the next term, *held,* that even though the court erred in holding the pleadings defective, and the testimony inadmissible, the error cannot be corrected by proceedings in error to reverse the ruling, or to set aside the order of continuance.

3. DISCRETION OF COURT; *Costs of Term.* The taxing of the costs of the term to the party whose action necessitates a continuance, is not only largely in the discretion of the court, but it is proper as a general rule to tax them to such party.

*Error from Cowley District Court.*

QUESTIONS of practice only are decided in this case, and all necessary facts and proceedings are fully stated in the opinion. The order complained of was made at the May Term 1877 of the district court, and *Hockett,* plaintiff, brings the case here.

*Pryor, Kager & Pryor,* for plaintiff.
*E. S. Torrence,* for defendant.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error challenges the correctness of an order of the district court taxing, upon a continuance, the costs of the term against him. The facts briefly are these: The case stood for trial upon petition, answer, and reply. A jury was impanneled, plaintiff introduced testimony in support of his petition, and then, before resting in chief, offered testimony to prove the new matters alleged in his reply. To this the defendant objected, and the court sustained the objection. Plaintiff then asked leave to amend his petition by adding to it allegations of the new matter theretofore only alleged in the reply. Leave was granted, and the petition so amended. Defendant then asked for leave to file an amended answer, and for a continuance to the next term, and thereupon, without any showing, the court ordered a continuance, and taxed the costs of the term to the plaintiff. Was this error? Whether the court decided correctly in ruling out the offered testimony, is a question not now the proper subject of inquiry, for errors occurring during the progress of a trial can be inquired into only after a final decision. When a court rules out offered testimony on the ground that it is inadmissible under the pleadings, the party may abide by the ruling, and after judgment bring the question here for

review, or he may seek leave to amend his pleadings to conform to the ruling. Here the plaintiff chose the latter course. He asked and obtained leave to amend; and of course therefore waived any right to relief he might have had if he had pursued the other course.

The other errors alleged occur in the matter of amendments of pleadings, continuances, and taxation of costs thereon, and these matters, as we have repeatedly decided, are largely within the discretion of the trial court, and unless it is apparent that such discretion has been abused, there is no ground for reversal. It is seldom, if ever, wrong to tax the costs of the term against the party whose fault necessitates the continuance. Gen. Stat., p. 655, §§ 139, 142; page 746, § 588; *Davis v. Wilson,* 11 Kas. 74; *Bliss v. Carlson,* 17 Kas. 325; *Wands v. School District,* ante, p. 204.

We have not noticed the objections made to the validity of the case-made, or to the manner in which the exceptions have been preserved, for upon the facts as stated we are compelled to affirm the judgment.

All the Justices concurring.