THE STATE OF KANSAS, *ex rel.*, &c., v. JOHN PIPHER, *et al.*

1. CORPORATION, *Quiescent for Nineteen Years; Quo Warranto, Maintained.* Where a corporation is organized for the purposes of the promotion of education, the conducting of experiments in agriculture, the testing of soils, and the cultivation of trees; and, to carry out these purposes, the corporation is authorized by its charter to locate a college at a certain place, and to purchase real and personal property, but not to hold at any one time more than five thousand acres of real property; and the corporation is afterward duly organized, and for a time carries out the purposes for which it was created, but afterward transfers all its property

both real and personal, and ceases to maintain a college, or to perform any of the other duties or things required or authorized by its charter, and remains in such condition for nearly nineteen years; and at the end of such time the attorney general commences a civil action in the nature of *quo warranto*, in the name of the state, for the purpose of obtaining a judicial determination dissolving the corporation, *held*, that the action may be maintained.

2. ——— And *further held*, that the action may be maintained, although there may be a suit pending at the time, brought by the corporation against one of its grantees, to recover some of the real estate which the corporation had conveyed to such grantee nearly nineteen years prior to that time.

### Original Proceedings in Quo Warranto.

ACTION brought originally in this court December 31, 1881, by the attorney general, in the name of *The State of Kansas*, against *John Pipher* and others, to obtain a judicial dissolution of the corporate existence of the Blue Mont Central College association. The facts appear in the opinion filed herein, at the June, 1882, sitting of this court.

*W. A. Johnston,* attorney general, and *A. L. Redden* and *Green & Hessin,* for the plaintiff:

Non-user is sufficient ground for declaring a forfeiture. ( Field's Ultra Vires, 326 ; Green's Brice's Ultra Vires, 647 ; 6 Ind. 469 ; 9 Cranch, 51 ; 8 Pet. 287 ; 19 Johns. 463 ; 32 Mich. 248 ; 11 Vt. 431 ; 24 id; 238 ; 8 R. I. 18, 524.)

*McClure & Humphrey,* for defendants :

1. Mere non-user of corporate powers is not sufficient ground for the dissolution of a corporation. ( 33 Me. 132 ; 66 id. 398 ; 14 Pick. 63 ; 51 Miss. 602 ; 78 N. C. 57 ; 7 Johns. Ch. 217.)

2. Disposal of all the corporate property, even though it disable the corporation from prosecuting its business, is no ground for dissolution. ( 6 Gill & J. 205 ; 13 N. J. Eq. 322 ; 4 Edw. Ch. 123 ; 24 Pick. 52.)

3. Mere omission to elect officers while the capacity and necessary membership remain to convene and elect, does not

dissolve the corporation. ( 32 Ill. 79; 24 Vt. 228 ; 2 Doug. 124.)

4. The grounds stated are not statutory grounds for dissolution of a corporation. The matter rests somewhat in the discretion of the court, and non-user or misfeasance is no ground for dissolution. (35 Ohio St. 259.)

5. A mere act of omission or non-feasance on the part of a corporation producing no mischievous consequences, that in no way violates any right of a third party, obstructs no one in obtaining any debt due him or right to which he may be entitled, and in the exercise of corporate powers wherein the public or third parties have no direct interest or right, should not operate to cause a dissolution; and especially so when the corporation has property rights in the presentation of which embarrassment might ensue in case of dissolution.

6. The following principles are well settled, viz.: A corporation will not be dissolved by a sale of the franchises, or of all the corporate property, and a settlement of all of its concerns and a division of the surplus; or by a cessation of all corporate acts; or by any neglect of corporate duty or any abuse of corporate powers; or by doing acts which cause a forfeiture of the charter without a judgment declaring such forfeiture. Such dissolution can take place only, first, by an act of the legislature where power is reserved for that purpose; second, by a surrender, which is accepted, of the charter; third, by a loss of all its members, or of an integral part so that the exercise of corporate functions cannot be restored; fourth, by forfeiture, which must be declared by the judgment of a court. (5 Johns. Ch. 367; 6 Cow. 23 ; 8 Wend. 645; 4 Paige, 481; 4 Gill & J. 121 ; 14 Pick. 63; 15 id. 351; 2 Kent's Com. 312.)

The opinion of the court was delivered by

VALENTINE, J.: This is a civil action in the nature of quo warranto, brought by the attorney general in the name of the state of Kansas, to obtain a judicial determination dissolving the corporate existence of the Blue Mont Central

9 — 28 KAS.

College association. This association was organized in the year 1858, under an act of the legislature of the territory of Kansas, approved February 9, 1858, (Private Laws of 1858, p. 75.) The objects of the association, as expressed in its charter, were the promotion of education and science, the conducting of experiments in agriculture, the testing of soils, and the cultivation of trees; and the association was authorized, for these purposes, to locate a college to be called "The Blue Mont Central College," at or near Manhattan, Kansas, and to purchase both personal and real property; but not to hold at any one time more than five thousand acres of real estate. The association purchased property, located its college, and did and performed all other things necessary to be performed under its charter, up to the year 1863, when it sold and transferred all its property, both real and personal, and ceased to maintain a college, or to perform any of the other duties or things required or authorized by its charter; and such has remained its condition up to the present time. The college buildings, with all the grounds belonging thereto or connected therewith, and the apparatus and library used in connection with the college, were transferred to the state of Kansas on June 10, 1863, under an act of the legislature approved February 16, 1863. (Laws of 1863, pp. 11, 12.) The other property belonging to the association was transferred to private individuals; and the association has owned no property since 1863, unless, possibly, it has owned a reversionary interest in the property which it transferred to the state of Kansas. The president and trustees of the association have held just five meetings since the year 1863. The first was held December 14, 1864; the second, April 25, 1865; the third, January 5, 1880; the fourth, January 18, 1881; and the fifth, January 27, 1881; but at none of these meetings was anything done or attempted for the purpose of carrying out any of the objects or purposes expressed in the charter of the association.

Upon these facts, the attorney general claims that the association ought to be dissolved.

We are inclined to think that the attorney general is correct. It is now nearly nineteen years since the association wholly ceased the performance of every duty imposed upon it by its charter; and since, it has wholly abandoned every object for which it was brought into existence; and the association allowed nearly fifteen years (from April 25, 1865, to January 5, 1880) to elapse without holding any meeting or even any pretense of any meeting; and the association does not now pretend that it will ever again attempt to carry out any of the objects of its organization. Under such circumstances, we think its corporate existence should be dissolved.

It is not contended by the attorney general and his associate counsel, as we understand, that mere lapse of time, or the mere fact of the sale of the corporate property, or the mere failure of the corporation to elect officers, will, *ipso facto*, dissolve the corporate existence of the association; but it is contended by them that the absolute abandonment by the association of all its duties, and all the objects for which it was created, for the period of nearly nineteen years, furnishes such incontestable grounds for its dissolution that any court of competent jurisdiction must, whenever the question is properly presented to it, judicially determine that the corporation must be dissolved.

In this state a corporation can probably be dissolved only in one of two ways: first, by the expiration of the time limited in its charter; and second, by a judgment of dissolution, (Comp. Laws of 1879, p. 222, § 40;) and the judgment of dissolution can probably be rendered only in an action in the nature of *quo warranto*, (Comp. Laws of 1879, p. 692, § 653;) but such judgment of dissolution may be rendered in any case for misuser or non-user of the corporate franchises of the association, whenever such misuser or non-user has been long-continued, willful and persistent. There are other grounds also which would authorize a judgment of dissolution of a corporation, but they do not apply to this case.

The defendants have set up a defense that the association has a suit now pending in the district court of Riley county,

for the recovery of the real estate conveyed in 1863 by the association to the state of Kansas. Now the pendency of such a suit is no defense to this action. Even if the association should recover in that action, it would not be in furtherance of the corporate duties of the association, or for the promotion of the objects for which it was created. The authorities will be found cited in the briefs of counsel.

Judgment will be rendered in favor of the plaintiff and against the defendants for costs, and dissolving the corporate existence of the Blue Mont Central College association.

All the Justices concurring.