THE KANSAS ROLLING MILL COMPANY V. JAMES A.
BOVARD, *et al.*

PETITION IN ERROR; *Case Still Pending.* Petition in error from the district court to the supreme court will not lie to reverse an order of the district court refusing to set aside the service of the summons, where the case is still pending, undisposed of, in the district court.

## Error from Wyandotte District Court.

THE opinion states the nature of the action, and the ruling (made September 2, 1884), which the defendant company brings here for review.

*Jefferson Brumback,* for plaintiff in error.

*J. B. Scroggs,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wyandotte county by James A. Bovard and Frank P. Dickson against the Kansas Rolling Mill Company, to recover on alleged acceptances by the defendant of three checks or drafts. The defendant is a corporation created under the laws of Kansas, whose place of business is or was at Rosedale, in Wyandotte county. The sheriff of the county served the summons upon Ira Harris, who was believed to be the vice president and managing agent of the rolling mill company, and the sheriff could not find any other chief officer, or board of directors, or trustees, in his county, upon which service of summons could be made. This service of summons was afterward set aside upon the motion of the defendant rolling mill company; and afterward the plaintiff attempted to obtain service of summons on the defendant by publishing a notice in a newspaper published in said county. Afterward the defendant moved to set aside this service, upon the grounds that no proper affidavit had been filed, and that the case was not one in which service by publication could be had. This motion

the court overruled, and the defendant excepted, and now brings the case to this court.

The plaintiff in error, defendant below, says in its brief that "the point for decision is, whether the lower court acquired jurisdiction of plaintiff in error by publication or by notice in a newspaper." We think, however, that the first question which can properly be presented to the supreme court for consideration is, whether the supreme court has jurisdiction to determine any question involved in the case. No judgment has yet been rendered in the case, nor any final order made, but the case is still pending, undisposed of, in the district court. The case does not come within any of the provisions of the statute authorizing appeals or petitions in error to the supreme court. (Civil Code, § 542; *Potter v. Payne*, 31 Kas. 218; *Dolbee v. Hoover*, 8 id. 124; *Brown v. Kimball*, 5 id. 80; *Edenfield v. Barnhart*, 5 id. 225. See also *Hockett v. Turner*, 19 Kas. 527.)

We do not think that the plaintiff in error, defendant below, has any authority to bring the case in its present condition to this court, nor has this court any jurisdiction to hear or determine any of the questions involved therein; therefore the case will be dismissed from this court.

All the Justices concurring.