THE EUREKA LIGHT AND ICE COMPANY v. THE CITY OF EUREKA.

No. 113.

1. CORPORATION — *not dissolved under facts stated.* Certain facts held not to have worked a dissolution of a corporation.

2. FORFEITURE — *sum deposited with city guaranteeing work on street railway, is a.* To procure an extension of time for commencing work under its franchise, a street railway company proposed to deposit with the mayor of a city of the second class a certain sum, as a forfeit. At the request of said company the city council met in special session, the proposed deposit was made, and an ordinance, drawn by the company's attorney, was passed by said council, which ordinance recited the fact and cause of delay on the part of the company, and that the deposit had been made with the mayor, to be forfeited in the event of the failure of the company to comply with the conditions of the ordinance granting the original franchise, within the time limited by the ordinance last passed. The company wholly made default, but no actual damage or loss resulted to the city and there were no other facts indicating the intention of the parties to treat the deposit as a forfeit and not as a penalty. *Held,* that the measure of damages fixed in the agreement of the parties in this case ought to be adopted by the court, and that since actual loss or damage to the city in its corporate capacity could not have been contemplated by the parties, the sum deposited was a forfeit and not a penalty.

3. ———— *has power to provide for a future.* A city of the second class, through its mayor and council, is competent to enter into such a contract as was made in this case, and plaintiff is estopped to raise the question as to its power and authority in the premises.

Error from Greenwood District Court. Hon. C. W. Shinn, Judge. Opinion filed May 14, 1897. *Affirmed.*

This action was brought by the plaintiff in error against the defendant in error, in the District Court of

Greenwood County, to recover a deposit of five hundred dollars made by the Eureka Railway and Light Company with the mayor of Eureka, to secure the construction within a given time of a street railway in the city of Eureka. Crawford had been granted a franchise upon condition that a certain amount of work on the railway should be done and a certain amount of the construction completed within a given time. Under the grant to Crawford the work was to be begun in ninety days, but after sixty days the Street Railway Company, having become the successor of Crawford, appeared before the city council and asked an extension of the time in which to begin. The meeting, having been called at the urgent request of the railway company, was held February 6, 1891. The agents and representatives of the railway company were present and presented to the council an ordinance prepared by the attorney of the railway company, granting an extension of time in which to begin the work. A part of this ordinance is as follows :

"An ordinance extending the time for commencing the work on the street railway in the City of Eureka as provided in ordinance No. 290.

"Whereas, owing to the condition of the weather and other circumstances, the assigns of Robert J. Crawford have been unable to commence work on said railway, and, whereas, the assigns of the said Robert J. Crawford have deposited with the mayor of the City of Eureka a certified check for five hundred dollars, to be forfeited to the City of Eureka in the event of the failure of the said Robert J. Crawford or his assigns to complete said railway according to the terms of the franchise as granted in ordinance No. 290 ; therefore :

"Section 1. Be it ordained by the mayor and council of the City of Eureka, that the time for commencing work on the said street railway in the City of Eureka according to the terms of the franchise for

that purpose granted, be and the same is hereby extended until the first day of June, 1890."

Before making the extension the council demanded the deposit by the railway company of five hundred dollars as a forfeit in case the terms of the ordinance granting the extension should not then be complied with. This demand was acceded to, the ordinance was passed and deposit made. On June 6, 1891, the railway company assigned the deposit to the plaintiff in error. Trial was had by jury and verdict rendered for the defendant. Defendant in error moves to dismiss this action for the reason that the corporation is dissolved.

*T. L. Davis*, for plaintiff in error.

*Hodgson & Hodgson*, for defendant in error.

MILTON, J. Defendant in error has filed a motion to dismiss the petition in error for the reason that plaintiff in error, prior to the bringing of this action, had sold and conveyed all its property both real and personal to another corporation; and for the further reason that no new directors or officers had been elected since 1892 by the stockholders of this plaintiff company, and no meeting of the directors or officers held since that date; and for the reason that all but one of its officers and directors are non-residents of Kansas. Other grounds are stated but these are the material points. Counsel for defendant in error claims that by reason of the foregoing, plaintiff corporation is dissolved.

1. Corporation not dissolved.

We agree with counsel for plaintiff in error as to all questions raised by this motion. *The State, ex rel., v. Pipher*, 28 Kan. 127; *Valley Bank and Bank v. Sewing Society*, 28 id. 423; *The State, ex rel., v. Irrigating Co.*, 40 id. 96.

672    EUREKA LIGHT CO. v. CITY OF EUREKA.

S. Dept.          Opinion.   Milton, J.          5 Kan. App.

The motion to dismiss is overruled.

The two questions of most importance in this case are : *First.* Was the five hundred dollars deposited as a forfeit, or as a security to indemnify the City against loss or damage resulting from the failure of the company to comply with the terms and conditions of its franchise, as granted and extended? *Second.* If the deposit was intended as a forfeit by the parties, had the city council power to contract for and receive such forfeit? In the oral argument of counsel for both parties, and in their briefs, these issues were very clearly presented.

We remark in passing that we fail to discover any harmful errors committed by the trial court in the admission or exclusion of evidence, although we have with great care examined the record in connection with the assignments of such error.

The court instructed the jury that the evidence did not show that, as a result of the failure of the company to construct the street railway according to the terms and conditions of its franchise, the City had "sustained any legal damage, that is, any certain, ascertainable damage, for which the law gives compensation," and also gave the following instruction, of which plaintiff in error complains :

"The rights of the parties to the action are determined by the agreement or understanding between the Eureka Railway and Light Company, through its agent A. S. Pettit, and the defendant City through its mayor and council, at the time the money was deposited. If it was agreed or understood by the Eureka Railway and Light Company and the City of Eureka at the time the money was deposited, that it was deposited merely as security to indemnify the City against loss or damage resulting from any failure of the company to comply with the terms and conditions of its franchise, then the plaintiff is entitled to

recover the sum of five hundred dollars, with interest at six per cent. per annum from the date of plaintiff's demand.    If, on the other hand, it was the agreement or understanding between the Eureka Railway and Light Company and the City of Eureka, that the money should be deposited with the City, to be returned to the company if it complied with the terms and conditions of its franchise, and to be forfeited to, and retained by, the City if the Railway and Light Company failed to commence the construction and complete the said railway within the terms, and upon the conditions, stated in the ordinances granting the franchise and extending the time within which the work might be commenced, then the defendant is entitled to a verdict in its favor.''

Counsel objects to this instruction because it tells the jury that the defendant City could contract for, and receive, a forfeiture, independently of the question as to whether or not it had sustained any damage by reason of the non-performance of the act to be done on the part of the railway company.

The real issue in the case is clearly stated in these instructions.    It is laid down by the authorities, that the question whether the sum stipulated for in a written contract to be paid on its breach is a penalty or liquidated damages, is a question for the court, to be determined by the intention of the parties as drawn from the words of the whole contract, examined in the light of its subject-matter and of its surroundings. The law relating to forfeitures is the same as that relating to liquidated damages, in matters of contract. Notwithstanding the parties may have used the most sweeping and distinct terms to indicate their intention to provide for liquidated damages or for a forfeiture, the courts are averse to making the award. In the case at bar the contract was not entirely a written one, although we think ordinance No. 57

43—5 KAN. APP.

really became the agreement between the City and the railway company as to both the extension of time and the forfeiture of the five hundred dollars in case of non-performance on the part of the company. It would have been entirely proper for the court to have determined from the evidence whether or not the contract provided for a forfeiture or, for what is equivalent, to a penalty, instead of submitting that question to a jury. As no question was raised in the trial court as to the propriety of submitting this issue to the jury, we shall not further consider it. Since the jury found a general verdict for defendant they must also have found that the evidence proved an agreement for a forfeiture of the five hundred dollars; and, as the trial court approved the verdict and rendered judgment in favor of defendant for costs, we may treat the matter as if the trial court had made a finding from the evidence that the parties had intended to treat the five hundred dollars as a forfeit.

We think the intention of the parties, as shown by their contract and their conduct as well as by the circumstances surrounding the whole transaction, was 2. Sum deposited to treat the five hundred dollars as a is a forfeit. forfeit. In the first place, the City could not in its corporate capacity suffer an injury by a breach of the contract. If an actual loss to the City was contemplated when the deposit was made, by reason of the failure of the railway company to perform its undertaking, it could only have been a loss or damage resulting to the public, and one not to be measured by any rule of damages. It would, therefore, present a case where the parties could by contract make a rule which would guide a court in the event of a disagreement; in other words, all questions of damage, as such, would be eliminated from the

case and the precise sum to be recovered for its breach would be settled in advance of such breach. This was done in the case at bar, and under the court's instruction there was no issue of actual damages before the jury.

In the case of *Nilson v. Jonesboro* (57 Ark. 168), the contract was precisely like the one in this case, the street railway company having agreed to "forfeit and pay" five hundred dollars on failure to complete the construction of the railway within a given time. Mansfield, J., said :

"If an actual loss was contemplated by the stipulation in question, it could only therefore have been such as would result to the public.   And as the parties must have known that it was wholly impracticable to measure this by any rule of damages, it is reasonable to suppose that they intended to fix by the terms of the contract the precise sum recoverable for its breach."

See also *Streeper v. Williams*, 48 Pa. St. 450 ; *City of Indianola v. G. W. T. & P. Rly.*, 56 Tex. 594; Beach on Modern Law of Contracts, vol. 1, §§ 624–629, and cases therein cited.

We think we have here presented, a case where we must hold that the five hundred dollars was agreed to be a forfeit, or else that it was entirely idle to have made the deposit at all.   We think it was intended as a forfeit, and that this court is not called upon by any consideration of extortion or hard bargaining on the part of the defendant to read into the contract, deliberately entered into and sought on the part of the railway company, such lenient terms as will entitle plaintiff to recover.   We hold that the five hundred dollars is forfeited.

As to the power of the defendant to enter into the contract under which forfeiture is claimed : In view

of the fact that the company proposed to deposit the five hundred dollars, procured the special meeting of the council to be held, furnished the desired ordinance already drawn up, and then actually made the deposit, we hold that it ought not to be heard when it seeks to deny the competency of the City so to contract. Nor do we think plaintiff, the company's assignee, is in any better position than the company itself is to raise this question. Such facts estop plaintiff to make this contention.

But an examination of the statutes in relation to cities of the second class shows that the mayor and council have extensive powers over the affairs of the city. Under the power to make contracts and pass ordinances for the general welfare, trade, commerce and convenience of its citizens, and for the management and control of the city and its finances, and the specific authority to grant such a franchise as that in this case, the incidental power to make terms and conditions in its contracts is clearly possessed by a city of the second class.

*3. Council has power to provide a forfeiture.*

Complaint is made that the court erred in excluding the deposition of the witness Jones, by which plaintiff sought to prove that the City was not damaged by reason of the failure of the company to build the railway. If any evidence offered on this proposition were admissible, it certainly was not the testimony of this witness. He attempted to give his mere opinion, based on subsequent events, that the City of Eureka had not only not suffered damages, but had, as it were, made a most fortunate escape therefrom by failing to secure a street railway.

Counsel contends that it was error to admit in evidence the resolution of forfeiture. The evidence shows that it was read before the council in the pres-

EUREKA LIGHT CO. v. CITY OF EUREKA.    677

May 14, 1897.        Opinion.  Milton, J.        C. Div.

ence of the president and the attorney of the railway
company.    It further appears that the trial court
sustained a demurrer to this evidence.    The admis-
sion in evidence of the contract between plaintiff's
assignor and the city council of Eureka for the light-
ing of the streets of the City, was not erroneous.    This
was competent evidence, since the intention and un-
derstanding of the railway company and the City·
authorities in respect to the deposit of five hundred
dollars was the one substantial issue in the case, and
this evidence threw some light on that issue.    The
letter dated November 29, 1890, from Pettit to the
mayor and council, was quite immaterial as we view
the case.    If it is not immaterial, it is rather difficult
to judge which party was most benefited by it.    In-
deed, counsel for plaintiff seeks to show that a proper
construction of it would be in plaintiff's favor.

The contention that the court erred in allowing the
preamble of ordinance No. 57 to go to the jury is not
well taken.    While a preamble is not a part of an or-
dinance or law, yet in some instances it may be so
connected with the act or ordinance that it must all
be read together, which is certainly true in this case.
Further than this, the ordinance was precisely what
the company wanted at the time it was passed, and
it also was very strong evidence as to the intention
and understanding of the parties in respect to the pur-
pose of the deposit.'

We have already considered the law as declared by
the court in its instructions to the jury, and we think
that the objection to the instruction quoted is not well
taken.

We think the authorities cited by counsel for plain-
tiff in error are not in principle opposed to the conclu-
sion we have here reached.    It never has been declared

by a court, whose decisions are reported, that a contract, providing for a forfeiture in the event of a breach thereof, will in no case be enforced as to such forfeiture, and this is the result to which the logic of the argument on behalf of plaintiff leads. The judgment will be affirmed.