THE ATTICA STATE BANK V. L. E. BENSON *et al.*

No. 412.

1. PRACTICE, COURTS OF APPEALS—*Notice of Settlement of Case-made—Record Sufficient.* Failure of the record to show service of notice of time and place of settlement of a case-made, in conformity with the order of the court, is not fatal to the validity of the case-made, where such case-made was duly served and where the certificate of the trial judge shows that all parties were represented at such settlement, and that no amendments were suggested.

2. CORPORATIONS—*Disposition of Assets — Case Followed.* Eureka Light Co. v. City of Eureka, 5 Kan. App. 669, 48 Pac. 935, followed as to the status of a corporation which has disposed of its entire assets.

3. PRACTICE, DISTRICT COURT—*Res Judicata—Motion to Dismiss.* Where a plea of a former adjudication of the issue arising on plaintiff's cause of action was made by defendants' motion to dismiss after all the regular pleadings had been filed therein, and where the court, over the objection of the plaintiff, heard such motion to dismiss on evidence and entered an order dismissing the action, and where, thereafter, the plaintiff filed a motion for a rehearing on the said motion to dismiss, *held*, that the motion for a rehearing was proper under the circumstances of the case and was equivalent to a motion for a new trial.

4. ———— *Res Judicata—Improper Procedure.* A motion to dismiss is not the proper mode of raising the question of a former adjudication.

5. ———— *Evidence in Support of Plea — Case Followed.* Auld v. Smith, 23 Kan. 65, followed as to proper evidence in support of the plea of a former adjudication.

Error from Harper district court; G. W. McKAY, judge. Opinion filed November 14, 1898. Reversed.

*George B. Crooker*, and *T. A. Noftzger*, for plaintiff in error.

*Sankey & Campbell*, for defendants in error.

Bank v. Benson.

The opinion of the court was delivered by

MILTON, J. :  This action was commenced March 20, 1890, by plaintiff in error on a promissory note, and during its pendency a writ of attachment was issued at the instance of the plaintiff and levied on the property of the defendant J. H. Rather, who thereafter filed a verified denial of the grounds of the attachment affidavit.   The defendants pleaded that Benson was principal and the others sureties on the note, and averred that the note was given for usury.   On March 27, 1893, the defendant Rather filed his motion to discharge the attachment, and on the 29th of the same month the defendants moved the court to dismiss the action at the cost of the plaintiff, for the reason that the issues therein had been fully adjudicated by the same court in three other actions, in each of which the Attica State Bank was plaintiff and L. E. Benson a defendant, he being the sole defendant in one of the cases and the principal defendant in each of the others.   Two of the actions referred to were tried at the term at which the hearing on the motion to dismiss was had, and one at the preceding term, and each of said actions was on a promissory note.   In two of the cases no judgment had been rendered on the verdicts of the juries therein.

The plaintiff objected to the consideration of the motion to dismiss the action and to the introduction of evidence in support thereof, for the reason that such proceedings were in effect a trial on a motion, by the court, of facts and issues which the plaintiff was entitled to have submitted to and tried by a jury.   This objection was overruled.   Thereupon the defendants offered in evidence the pleadings in cases numbered 2371, 2376 and 2370 of that court, the verdicts in the

three cases all being in favor of the defendants therein; the journal entry of judgment in one case; the original stenographic notes of the testimony in two cases as taken down by the official stenographer; and the special findings returned by the jury in one of the cases. The trial court stated that he was not able to read or understand the stenographic notes. The plaintiff's objection to the introduction of this evidence was overruled. The court sustained the motion to dismiss the plaintiff's action and also the motion to discharge the attachment, and entered an order to that effect.

Defendants in error have filed a motion to dismiss the proceedings in error. We have given each of the various grounds stated careful consideration and have concluded that the motion must be overruled. The first and the second grounds in the motion are that no motion for a new trial was filed. We find that on the day the action was dismissed the plaintiff filed a motion "for a rehearing of the motion filed herein by the defendants on the 29th day of March, 1893, to dismiss said action," for the reason that said ruling was contrary to law and not sustained by sufficient evidence, and for errors of law occurring at the hearing. We think this motion was proper under the circumstances of the case, and was equivalent to a motion for a new trial. The motion for a rehearing was considered by the court and overruled and time given to make a case.

Another ground of the motion to dismiss is that the plaintiff bank, having turned over its assets to another corporation, is defunct. This proposition has been decided adversely to the present contention. (*Eureka Light Company v. City of Eureka*, 5 Kan. App. 669, 48 Pac. 935.)

Still another ground of the motion to dismiss is

that the record does not affirmatively show service of notice of the time and place of settlement of the case-made.  It does show that the attorneys for the defendants acknowledged service of the case-made, and the certificate of the trial judge states that no suggestion of amendments was made and that the parties appeared and assented to the settlement and signing of the case-made.  In *Fire Ins. Co. v. Amick*, 36 Kan. 99, 12 Pac. 338, the court said:

"It does not affirmatively appear in the record that the defendant in error was present, or had notice of the time when the case would be settled and signed. It does appear, however, that amendments were suggested by the defendant in error, some of which were allowed by the judge and others disallowed.  The reason that notice is required to be given to the defendant in error is, that he may appear and have the case-made amended in accordance with his suggestions.  If the amendments suggested by the defendant in error are made by the judge, he cannot complain of the want of notice."

We think the present case falls within the principle of that decision.  The other grounds of the motion do not require special mention.

Coming now to the merits of the case, we think it must be held that a motion to dismiss is not a proper mode of raising the defense of former adjudication. (9 Encycl. Pl. & Pr. 613, and cases there cited.) This is shown very clearly in the case at bar.  Counsel for defendants in error have contended that no motion for a new trial was filed.  It may be answered that there was no trial, although evidence was offered to sustain the plea of *res judicata*.  The issue arising on a plea of former adjudication, where evidence is necessary in support thereof, is generally a question for a jury.

It was error to receive in evidence the files of the two cases wherein final judgments had not been rendered. In *Auld v. Smith*, 23 Kan. 65, it was held that only a final determination on the merits can be considered as an adjudication amounting to *res judicata*, and that verdicts of juries can be considered such only in cases where the verdicts are final or have become embodied in final judgments. See also Black on Judgments, section 682.

We are unable to determine from the record whether or not the decision of the trial court on the motion to dismiss is supported by competent evidence tending to prove a former adjudication of the issue arising on the plaintiff's cause of action. The testimony offered in the form of stenographic notes might have supplied that wherein the record is now wanting. It affirmatively appears however, that the trial court could not read such notes and that they were not in fact in evidence at the hearing of the motion to dismiss. We think, therefore, that the record must be regarded as containing all the evidence on which the decision of the trial court was based, and that such decision is not sustained thereby.

No question is presented respecting the discharge of the attachment. For the errors which we have pointed out, the judgment of the district court will be reversed and the cause remanded for a new trial.