John H. Reynolds v. The Packers' National Bank of South Omaha,. Nebraska.

No. 13,029.  (71 Pac. 847.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Order Refusing to Set Aside Service.* Error will not lie from an order refusing to set aside the service of a summons, and such ruling cannot be reviewed until the final disposition of the case.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 7, 1903. Dismissed.

*Waggener, Doster & Orr,* for plaintiff in error.

*Hutchings & Keplinger,* and *Beardsley, Gregory & Kirshner,* for defendant in error.

The opinion of the court was delivered by

.JOHNSTON, C. J. :  The Packers' National Bank of South Omaha, Nebraska, brought an action against John H. Reynolds to recover $34,521.94, and at the same time undertook to reach funds in the hands of the Missouri Pacific Railway Company by garnishment process. Reynolds could not be served with summons in Kansas; therefore, a foreign summons was issued,

a copy of which was served on him in Missouri. In his behalf a motion was made to set aside the service, mainly upon the ground that only a copy of the summons was served. The motion was overruled, and it is contended that the statute requires the service of the original.

There are still other objections to the service, but the status of the case is such that the ruling is not now reviewable. As the motion was denied, and the record does not show a final disposition of the case, it must be assumed that it is still pending and undetermined. In the absence of statutory authority, error will not lie from an interlocutory order. The code provides that certain enumerated orders may be reviewed without waiting for the final determination of the case, but a ruling like the one in question is not included among them. ( Code, §§ 542, 543 ; Gen. Stat. 1901, §§ 5019, 5027.)

If the motion had been sustained the order would have been reviewable because of its finality. Such an order, in effect, ends the proceeding and leaves nothing further for the determination of the court. (*Newberry v. A. K. & C. Rly. Co.*, 52 Kan. 613, 35 Pac. 210.)

An order overruling a motion to quash a summons or service, however, leaves the case pending and lacks the element of finality. It is well settled in Kansas that error will not lie from such an order and that no review of the same can be had until the final judgment is rendered. (*Kansas Rolling Mill Co. v. Bovard*, 34 Kan. 21, 7 Pac. 622 ; *Simpson v. Rothschild*, 43 id. 33, 22 Pac. 1019 ; *Simpson v. Stein*, 43 id. 35, 22 Pac. 1020. See, also, *Brown v. Kimble*, 5 id. 80 ; *Dolbee v. Hoover*, 8 id. 124.)

The proceedings will be dismissed.

All the Justices concurring.