Gillmore v. Gillmore.

---

No. 18,525.

ROSAMONDE GILLMORE, *Appellant*, v. ROBERT E. GILLMORE et al., *Appellees*.

SYLLABUS BY THE COURT.

1. SERVICE OF PROCESS—*On Nonresident—Exemption*. A nonresident of the state, while here only for the purpose of attending court as a witness, and while actually in such attendance, is exempt from the service of summons in a civil action.

2. DAMAGES—*For Inducing Morphine Habit—Not an Action for Fraud*. An action for damages because of the defendant having induced the plaintiff to become a user of morphine, in ignorance of its nature, is not one for relief on the ground of fraud within the meaning of that phrase as used in the statute of limitations.

3. SAME—*For Inducing Morphine Habit—Limitation of Actions*. The running of the statute of limitations, upon an action for damages because of the defendant having induced the plaintiff to become a user of morphine, is not wholly suspended by the fact that the plaintiff, knowing the manner in which the habit

was induced, and having acquired knowledge of the effects of the drug, has been so affected mentally as not to be capable of protecting his own interests; such an action can be brought only within one year from the time mental capacity is restored.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed January 10, 1914. Affirmed.

*Paul R. Nagle,* of St. John, for the appellant.

*Frank L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: Rosamonde Gillmore filed in the district court a petition asking damages against her husband, Robert E. Gillmore, and his parents, Frank B. and Mary A. Gillmore. The service on Robert E. Gillmore was set aside and no new summons was served. Judgment was rendered in favor of the other defendants upon a demurrer to the evidence. The plaintiff appeals from both rulings.

The motion to set aside the service of summons was based upon a showing that the defendant, Robert E. Gillmore, was a nonresident of the state, and that he was served with process while here for the purpose of attending court as a witness. In this situation the service was properly set aside. (*Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564; Note, 6 A. & E. Ann. Cas. 337.)

The plaintiff asked damages against the remaining defendants upon the ground that they had, by false representations on the subject, induced her to marry their son, knowing that he was afflicted with a communicable disease, from which she afterwards suffered; and also that by administering morphine to her, she being in ignorance of its nature, they fastened upon her the habit of using that drug. There was evi-

dence tending to show these facts: The marriage took place January 1, 1898. The consequence of the disease became manifest within a few weeks. The plaintiff was induced by her husband's mother to take morphine for the relief of her pain, she not knowing what it was, or the effects it would produce. By July, 1899, she had fully acquired the morphine habit, which persisted until December 24, 1910, when a cure was effected as a result of treatment at a sanitarium. This action was brought December 29, 1911.

The plaintiff contends that the action is one for relief on the ground of fraud within the meaning of that term as used in the statute of limitations (Civ. Code, § 17, subdiv. 3); that the statute did not begin to run until the discovery of the fraud; and that this did not take place until her cure was effected, because until that time she did not and could not fully realize her situation. We do not regard the action as one for relief on the ground of fraud within the statute referred to. The question is somewhat similar to that presented in *Bank v. Bay*, 90 Kan. 506, 135 Pac. 584, where it was held that duress does not constitute fraud in that sense, although "broadly speaking, all conduct may be said to be fraudulent which results in unconscientious advantage over, or injury to another." (p. 508.) The plaintiff alleges that the injury she had received was concealed from her—that she did not know of it—until she was cured of the morphine habit. She testified that she had been anxious to take a cure as early as 1902; that in 1899 a doctor had told her she ought to do so, and she knew then that, in his opinion, she had the habit to such an extent as to require a cure; that about 1903 she refrained from the use of morphine for seven months while taking treatment provided by her husband, intended to accomplish a cure. It seems clear, therefore, that the plaintiff, many years before this action was brought, not only knew of the fact that the morphine habit had been

fixed upon her, and how this had been accomplished, but also knew, at least in a general way, the nature and consequences of the habit. The contention that she did not know of the injury that had been done her until she had been cured of the habit is therefore not supported, except in the sense that her mental processes had been so impaired that she was not capable of protecting her own interests—in other words, that she was under disability. There was evidence which may be thought to go far toward proving her mental condition to have been at least approximately normal, but that is not a matter to be determined upon demurrer. Assuming that the evidence justified a finding that until she was cured of the morphine habit she was not capable of acting upon the information she had, she was under legal disability, and the statute of limitations would not bar a recovery while that condition existed. The statute, however, fixes the period within which an action may be brought under such circumstances at one year after the disability is removed. (Civ. Code, § 18.) The present action was not brought within that time, and we hold that the ruling of the trial court was correct, upon the ground that whatever cause of action the plaintiff had was barred by the statute of limitations.

The judgment is affirmed.