In re SMITH CONST. CO.

MICHAEL v. OREGON HOTEL CO. et al.

(District Court, N. D. Georgia. July 12, 1915.)

No. 478.

1. PROCESS ⊚⇒119—SERVICE ON NONRESIDENTS—VALIDITY.

Nonresidents, who appeared by their agents in response to an order of the referee in bankruptcy in summary proceedings, may not while in attendance on the court at the hearing, be served with process in another suit; and service is not good, if taken advantage of promptly.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 148, 149; Dec. Dig. ⊚⇒119.]

2. BANKRUPTCY ⊚⇒293—COURTS—JURISDICTION.

The United States District Court for a district of Georgia, adjudging bankrupt a resident contractor, under contract to construct a building for an owner residing in South Carolina, has no jurisdiction of an action at law or suit in equity by the trustee in bankruptcy against the owner and other nonresidents to determine the validity of orders, given by the contractor to nonresidents, on the owner, for the matter in controversy is only what the owner owes for the completion of the work, and the court is not in possession through its trustee of the res.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ⊚⇒293.]

3. BANKRUPTCY ⊚⇒293—COURTS—JURISDICTION.

The court has no jurisdiction as to residents merely holding claims against the bankrupt contractor and having nothing belonging to the bankrupt, where all the persons interested in the performance of the contract are not parties to the proceedings and cannot be made so, because outside the jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ⊚⇒293.]

In Bankruptcy. In the matter of the Smith Construction Company, a bankrupt. Bill by Max Michael, trustee in bankruptcy, against the Oregon Hotel Company and others. Pleas to jurisdiction sustained, and case dismissed.

Lamar C. Rucker, of Athens, Ga., for trustee.

John J. & Roy M. Strickland, of Athens, Ga., Bomar & Osborne, of Spartanburg, S. C., and Grier, Park & Nicholson, of Greenwood, S. C., for defendants.

NEWMAN, District Judge. This is a bill in equity, brought by Max Michael, as trustee for the Smith Construction Company, against the defendants named therein, all of whom, except the Athens Engineering Company, of Athens, Ga., and the Commercial Bank, of Athens, Ga., are citizens and nonresidents of the district and of the state.

It appears that the Smith Construction Company, when it was adjudged an involuntary bankrupt in the United States District Court for the Northern District of Georgia, Eastern Division, had a contract to build a hotel for the Oregon Hotel Company, of Greenwood,

S. C., and the building was not completed when bankruptcy occurred. The Smith Construction Company and the Oregon Hotel Company had agreed for certain subcontractors on the building and the bank at Greenwood, S. C., to be paid by the Oregon Hotel Company; that is, the subcontractors were to be paid after completing their work and as estimates were furnished and agreed to by the Smith Construction Company for the work begun by them on the hotel, and the bank for certain moneys advanced by it for the completion of the hotel.

This bill is filed, apparently, upon the assumption, and with allegations pertinent thereto, that the Smith Construction Company, at the time the bankruptcy proceeding was filed, was in actual possession of the Oregon Hotel, at Greenwood, S. C., and that the possession and control of the property vested in the court of bankruptcy, and therefore the receiver and trustee in bankruptcy had a right to the possession and control of the property. It is alleged that there was reserved by the Oregon Hotel Company, as against the Smith Construction Company, 15 per cent. of the amount due on estimates for work and material at each period that the architect furnished such estimates during the progress of the building. It is further alleged that there was due $1,000, or other such sum, at the time of the bankruptcy, to complete the work, and that something like $20,000 was due the Smith Construction Company. It is then alleged that the bankrupt had subcontracts with the W. J. Snead Lumber Company, the Taffoli & Marus Marble & Tile Company, and the Athens Engineering Company, and gave to the said subcontractors during the course and progress of the work certain orders on the funds held by the Oregon Hotel Company, upon condition that the orders should be paid out of such fund when the holders of such orders had completed their subcontracts in accordance with the terms and specifications thereof. It is further alleged that the National Loan & Exchange Bank of Greenwood, S. C., held drafts and orders signed by the bankrupt on the fund held by the Oregon Hotel Company, which drafts and orders were given within four months of the filing of the petition in bankruptcy and at the time the bankrupt was insolvent, etc. It is then alleged that the orders given to the National Loan & Exchange Bank to W. J. Snead Lumber Company, to Taffoli & Marus Marble & Tile Company, to the Athens Engineering Company, and the transfer and assignment made to the Commercial Bank of Athens, were given within four months of the filing of the bankruptcy proceeding, and were therefore preferences. It is again alleged that the hotel property was in the physical and actual possession of the bankrupt when the bankruptcy occurred, and, further, that the Hotel Company was the holder of $20,000, on which said liens should be marshaled, and by decree paid.

The trustee then prays that, inasmuch as he has no adequate remedy, except in a court of equity, subpœnas issue against the Oregon Hotel Company, the National Loan & Exchange Bank, the W. J. Snead Lumber Company, Taffoli & Marus Marble & Tile Company, the Greenwood Hardware Company, J. D. Linton, Athens Engineering Company, and Commercial Bank of Athens, commanding them

to appear, and, waiving answer under oath, he prays, also, that the liens, if any, that these various parties named have on the Oregon Hotel Company be marshaled against the fund, and that hearing be had of the respective contentions between the petitioner and the said subcontractors, and an accounting be had between them, and that the drafts and orders given to said subcontractors be required by the holder thereof, to wit, the Oregon Hotel Company to be surrendered into court to be canceled, and that an accounting be had, with a statement of their accounts against the Oregon Hotel Company, and that the fund held by the Oregon Hotel Company shall be disbursed under the order of the court.

There is a plea to the jurisdiction in all of these cases, and answers by various defendants; but the first question to be considered in the case is the jurisdiction of the court.

[1] Confessedly all of these parties, except those named living in Athens, Ga., are not within the jurisdiction of the court. Some of the parties named were served in this way: The referee in bankruptcy at Athens issued an order in a summary proceeding requiring these parties to appear before him and show cause why the funds should not be paid in by the Oregon Hotel Company to the trustee in bankruptcy and distributed according to law. Some of the parties, by their agents, appeared in response to this order of the referee at Athens, and while in attendance on the court at the hearing in the summary proceeding were served with process in the present case. These parties, as stated, live in other states, South Carolina and North Carolina, and were served in the way just stated, while they were away from home and attending court on an order of the referee in this district. Such service is not good, if taken advantage of promptly, as it has been here, and it will be so held. Of course, their rights might be waived by failing to object to the service and otherwise making a general appearance; but, without this, this court, in my opinion, has no jurisdiction of these nonresident parties.

[2] There is no ground whatever for the proceeding, except upon the theory that the court, through its trustee, was in possession of certain res, and there is no res here. It is not a suit at all to recover the real estate. It is nothing but a simple suit to recover from the Oregon Hotel Company, and apparently to have this court to determine that the orders given by the Smith Construction Company to various parties on the Oregon Hotel Company were invalid, and therefore the money should be paid in to this court. The matter in controversy, if there be a matter actually in controversy, is what the Oregon Hotel Company owes for the completion of the building. It is clear that all of this is covered by the orders given to these various people on the Oregon Hotel Company and accepted by that company.

These parties, the W. J. Snead Lumber Company, the National Loan & Exchange Bank of Greenwood, S. C., Taffoli & Marus Marble & Tile Company, of Charlotte, N. C., and the Oregon Hotel Company, of Greenwood, S. C., have all filed pleas raising the question of the jurisdiction of the court, and objecting to the jurisdiction of the court. I think their pleas must be sustained. The jurisdiction here

as a court of equity is challenged in the pleas; but that it is unnecessary to consider, for, whether the suit be at law or in equity, it is not within the jurisdiction of the court.

[3] So far as the parties living in Georgia are concerned, I see no reason whatever for proceeding here against them, for they are persons holding claims against the bankrupt estate. They have nothing at all belonging to the bankrupt estate, and unless the Oregon Hotel Company and the other parties can be brought in, and the matter determined as between all of the parties, the court would have no jurisdiction as to the Georgia parties in this proceeding.

All pleas to the jurisdiction must be sustained, and the case must be dismissed.