No. 21,044.

THE EASTERN KANSAS OIL COMPANY, LIMITED, et al., *Appellees*, v. VICTOR BEUTNER, *Appellant*, et al.

### SYLLABUS BY THE COURT.

1. SERVICE OF PROCESS—*Nonresident—Trustee in Bankruptcy—Exempt.* A nonresident trustee in bankruptcy, appointed in this state, is exempt from service of summons while he is within the state for the sole purpose of selling property under an order of sale issued by the referee in bankruptcy.

2. SAME—*No Appeal Until Final Judgment.* Until final judgment has been rendered in an action, an appeal will not lie to reverse an order refusing to set aside the service of summons.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed October 6, 1917. Reversed.

*A. F. Florence,* of Iola, for the appellant.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Victor Beutner appeals from a judgment rendered against him. His complaint is that he was not legally served with summons. He was a resident of Kansas Cty, Mo., and was a trustee in bankruptcy, having been appointed such in a proceeding in the United States district court for the district of Kansas. He was served with summons while in Allen county selling property under an order of sale issued in the

bankruptcy proceeding. He was not then in Allen county for any other purpose. He entered a special appearance in the action, and moved to quash the summons and the return thereon. His motion was denied. He made no further appearance and judgment was rendered against him by default.

1. Could service of summons be lawfully made on Beutner while he was in Allen county under orders of the referee in bankruptcy on business connected with the trust? He contends that such service could not be lawfully made. No constitutional or statutory provision, either federal or state, is cited, which exempts a trustee in bankruptcy from service of summons while in the performance of his duty outside the state or county of his residence. In *Underwood v. Fosha*, 73 Kan. 408, 85 Pac. 564, this court said:

"It is a familiar rule of law, generally although not universally accepted, that apart from· any statutory immunity all nonresidents of a county in which they are attending court proceedings, either as litigants or witnesses, are privileged from civil arrest or the service of summons while there upon that business." (p. 409.)

(See, also, *Bolz v. Crone*, 64 Kan. 570, 67 Pac. 1108; *Reiff v. Tressler*, 86 Kan. 273, 120 Pac. 360; and *Gillmore v. Gillmore*, 91 Kan. 293, 137· Pac. 958.)

Section 335 of the code of civil procedure reads:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending, in obedience to a subpœna." (Gen. Stat. 1915, § 7237.)

It must be noticed that the statute quoted does not apply to any person except one who is a witness. In this state, the rule exempting parties from service of summons while attending court must be found outside the statute. That rule is a common-law principle. In *United States v. Kirby*, 74 U. S. 482, the supreme court of the United States used this language:

"All persons in the public service are exempt, as a matter of public policy, from arrest upon civil process while thus engaged." (p. 486.)

It has been held that attorneys are exempt from service of summons while attending court in a county other than' that of their residence. (Note, L. R. A. 1917B, 893, and cases there cited.) It has also been held that a hearing before a

referee in bankruptcy is within the rule that a party may attend a judicial hearing away from the place of his residence without being subjected to the service of process. (*Morrow v. U. H. Dudley & Co.*, 144 Fed. 441; *Matthews v. Tufts*, 87 N. Y. 568; *In re Smith Const. Co.*, 224 Fed. 228.)

Following the rule announced in *Underwood v. Fosha*, 73 Kan. 408, 85 Pac. 564, and the principle on which the other cases cited were decided, we are constrained to hold that the service of summons on Beutner was invalid, and that, therefore, the court did not have jurisdiction to render any judgment against him.

2. The ruling on the motion to quash the summons was made on October 17, 1914. The notice of appeal was served on May 18, 1916. The plaintiffs insist that if it was error to deny the motion to quash, that error can not now be considered because the appeal was not taken within six months after the order was made. In *Kansas Rolling Mill Co. v. Bovard*, 34 Kan. 21, 7 Pac. 622, this court said:

"Petition in error from the district court to the supreme court will not lie to reverse an order of the district court refusing to set aside the service of the summons, where the case is still pending, undisposed of, in the district court." (Syl.)

(See, also, *Brown v. Kimble*, 5 Kan. 80; *Dolbee v. Hoover*, 8 Kan. 124; *Simpson v. Rothschild*, 43 Kan. 33, 22 Pac. 1019; *Simpson v. Stein*, 43 Kan. 35, 22 Pac. 1020; and *Reynolds v. Bank*, 66 Kan. 461, 71 Pac. 847.)

The statute has always provided that an appeal may be taken from a final order, or from an order that involves the merits of an action, or some part thereof. (Civ. Code, § 565.) The ruling on the motion to quash or set aside the service of the summons was not an appealable order. It was neither a final order nor an order that involved the merits of the action, or any part thereof. The consideration of error in denying such a motion must wait until final judgment is rendered.

The judgment is reversed.