No. 29,046.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant*, v A. L. MOFFAT, *Appellee.*

(283 Pac. 634.)

Opinion filed January 11, 1930.

*T. A. Noftzger, George W. Cox* and *Lawrence Weigand,* all of Wichita, for the appellant.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The contested question in this appeal is whether an attorney at law is exempt from service of civil process while attending court in a county other than that of his residence for the transaction of professional business. A. L. Moffat, a practicing attorney of Kinsley, went to Sedgwick county for the purpose of filing an intervening petition in a case pending in that county. While waiting in the court room for the call of the case in which he was interested he was sued by the Kansas Wheat Growers Association. Moffat appeared specially and moved the court to quash and set aside the pretended service of summons on the ground that he was in necessary attendance upon the court in Sedgwick county to ask leave to file an intervening petition in an action pending in that court, and while there a summons was served upon him. He further stated that he was a duly licensed and practicing attorney, a resident of Kinsley, in Edwards county, and a nonresident of Sedgwick county. After hearing some evidence the court sustained the motion and set aside the service of summons. The plaintiff appeals.

Plaintiff's contention is that there being no statute of the state providing immunity or exemption from service of summons upon an attorney attending court for the purpose of presenting a matter to a court in a county other than that of his residence, none can be

allowed, and that the common-law rule granting such immunity does not obtain in Kansas. The record discloses that defendant is a practicing lawyer of a county other than that in which the court was sitting, that he came there to present and have filed an intervening petition in a pending case for a party he had been employed to represent, and that while waiting his turn to get the attention of the court the process was served upon him. This court had occasion to discuss the common-law principle in a case involving the service upon a trustee in bankruptcy who was a nonresident of the county in which the court was sitting and, after stating that we did have a statute exempting witnesses from service of civil process attending court in a county other than that of his residence in which suitors and their attorneys were not named, said:

"In this state the rule exempting parties from service of summons while attending court must be found outside the statute. That rule is a common-law principle. In *United States v. Kirby,* 74 U. S. 482, the supreme court of the United States used this language: 'All persons in the public service are exempt, as a matter of public policy, from arrest upon civil process while thus engaged.' (p. 486.) It has been held that attorneys are exempt from service of summons while attending court in a county other than that of their residence." (Citing cases.) (*Oil Co. v. Beutner,* 101 Kan. 505, 506, 167 Pac. 1061.)

It was held that following the principle upon which the cases cited were decided the court was constrained to hold that the service of summons on the trustee was invalid and that therefore the court had no jurisdiction to render a judgment against him. The great weight of authority sustains the principle to which reference was made. It is based upon grounds of public policy so that parties to judicial proceedings and attorneys from another jurisdiction, whose duties required their presence in court, might be free from intimidation, interference or restraint which might deter the parties or their attorneys in attending courts. The immunity of the law is not so much for the protection and benefit of attorneys and others within the privilege as it is for the protection of courts and the unhampered promotion of the fair and efficient administration of justice. It has been said:

"The rule was primarily established for the protection of the courts that they might the better administer justice, free from interference with and intimidation of suitors, solicitors and witnesses and disturbance of the court's officers in the exercise of their duties. It becomes a privilege affecting persons in their several capacities only as their protection from process renders the administration of justice more certain and complete. In other words the privilege of the individual is incidental; the protection of courts of justice is the primary object of the rule. No one is hurt by this exemption, since, if it

did not exist, the nonresidents would not go into the foreign state, and service of summons on them could not be made anyway." . (21 R. C. L. 1308.)

Attorneys are officers of the court and 'where their presence is necessary to the administration of justice, including the protection of their clients, it would seem that they were entitled to immunity the same as other officers of the court. In *Brooks v. State,* 3 Boyce (Del.) 1, it was said:

"The privilege of parties to judicial proceedings, as well as witnesses, attorneys, judges, jurors and certain other officers of the court, of going to the place where they are held, and remaining as long as necessary and returning wholly free from the restraint of process in other civil proceedings, has been long settled and liberally enforced. The rule is of ancient origin and is mentioned in the Year Books as early as Henry VI. It came to us out of the common law with only such modifications as were required 'to make its principle harmonize with American institutions and to be in accord with American jurisprudence.

"The rule is based upon reason and was established for a purpose which has been consistently adhered to from the early English authorities down through the modern American authorities upon the subject. The reason of the rule is the proper administration of justice and its purpose is to protect that administration from embarrassments and interruptions caused by disturbance to those whose attendance upon the courts is compelled by duty or necessity." (p. 33.)

See, also, *Hoffman v. Bay Circuit Judge,* 113 Mich. 109; *Central Trust Co. v. Milwaukee St. Ry. Co.,* 74 Fed. 442; *Whitman v. Sheets,* 20 Ohio C. C. 1, 11 Ohio C. D. 179; *Read v. Neff,* 207 Fed. 890; 2 Taylor on Evidence, 11th ed., p. 899. There is some conflict in the authorities as shown by the annotation in L. A. R. 1917B, but the weight of authorities appears to favor the immunity.

Attention is called to the. statute extending exemption to witnesses and omitting to give the same privilege to others connected with the court as a reason why the common law is not applicable in this state. In *Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564, it was held that, notwithstanding the statute mentioned, a party to a case was entitled to the privilege as well as a witness and there is as much reason for extending the privilege to the attorney of a party whose duty to his client requires his attendance in court as an aid in the administration of justice. There reference was made to *Bolz v. Crone,* 64 Kan. 570, 67 Pac. 1108, where it was held that a suitor in necessary attendance in court outside the territorial judicial jurisdiction of his residence is entitled to exemption both from civil

arrest and from service of summons. In considering the exemption the court in the Underwood-Fosha case said:

"There is no doubt that the later and just tendency of the courts is to extend rather than to restrict the privilege referred to." (p. 410.)

We think the court reached the correct conclusion in quashing the summons served upon the defendant, and therefore its judgment is affirmed.

JOCHEMS, J., not participating.