No. 32,393

LAVINA HUDSON, *Appellee*, v. F. B. HUDSON, *Appellant*.

(46 P. 2d 882)

Opinion filed July 6, 1935.

*Joe T. Rogers*, of Wichita, and *Herbert Walters*, of Kingman, for the appellant.

*Adrian S. Houck, J. Raymond Eggleston*, both of Medicine Lodge, and *Donald Muir*, of Anthony, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order denying a motion to dismiss the action.

Plaintiff filed an action for a divorce from defendant on the ground of extreme cruelty. The petition alleged that the parties, through their joint efforts, had accumulated a considerable amount of real estate, which was described, as well as cattle, farm machinery and other personal property; that she had joined with defendant in notes secured by mortgages on the real and personal

property; that she had been in bad health and confined to her bed, and not realizing the contents and purport of the same, on October 20, 1934, had executed a property settlement, a copy of which was attached to the petition, but is not abstracted; that she signed said contract because of the action and threats of the defendants, and on said date learned that defendant claimed to have been divorced from her. She further alleged that defendant was and had been for over forty-five years a resident of Kingman county and had no other home, abode or residence, and if a divorce had been granted it was without the knowledge, acquiescence or consent of plaintiff, was wrongfully obtained and null and void. Other allegations as to her separate property, payment of taxes, debts, etc., need not be noted.

The defendant filed a special appearance and moved the court to dismiss the action on the ground that on March 3, 1934, he had filed an action in the chancery court of Washington county, Ark., alleging a cause of action for a divorce against his wife; that his wife, by a written statement duly acknowledged, entered her appearance in the Arkansas court on March 2, 1934, the entry being filed March 3, 1934, and that on the same day the cause was tried and the parties divorced. Duly authenticated copies of the complaint in equity, entry of appearance and decree of divorce were attached to the motion and appropriate sections of the statutes of Arkansas with reference to divorce, and of the decisions of the supreme court of that state with reference to them, were also made an exhibit and attached.

The trial court overruled the motion, and the defendant appeals.

So far as the record shows, there is no claim that appellant was not, at the time the instant suit was filed, a resident of the state of Kansas, and there could be no claim that the court was without jurisdiction to determine the question of plaintiff's right to relief. The whole force and effect of appellant's motion is to raise the question whether the matters complained of in appellee's petition are *res judicata* by reason of the proceedings in the Arkansas court. It was held in *Bank v. Benson*, 8 Kan. App. 566, 54 Pac. 1037, that a motion to dismiss is not the proper method to raise the question of a former adjudication. In *Maynard v. Bank*, 105 Kan. 259, 182 Pac. 542, it was said:

"The case has been argued here upon its merits, the jurisdiction of this court not having been questioned by the appellee. It is obvious, however, that the appeal cannot be entertained, because the decision overruling the

motion to quash the service and dismiss the case is not a final order as defined in the code, and is not made appealable by the statute. (*Oil Co. v. Beutner*, .101 Kan. 505, 167 Pac. 1061.)" (p. 260.)

Had the appellant answered and the appellee replied, on the issues thus joined the trial court could have heard the evidence and rendered a judgment from which an appeal would lie. As the matter now stands, the appellee has not had an opportunity to plead or defend, and, as shown, this court is without jurisdiction to rule on the correctness of the trial court's ruling on the motion to dismiss.

The appeal is dismissed.