Bolz v. Crone.

A. G. BOLZ *et al.* v. A. CRONE *et al.*

No. 12,090.    (67 Pac. 1108.)

SYLLABUS BY THE COURT.

JURISDICTION — *Exemption from Civil Arrest and Service of Summons.* A witness or suitor in necessary attendance in court, either in his own behalf or under process, outside the territorial judicial jurisdiction of his residence, is exempt from civil arrest and service of summons while in attendance upon such court and while going to or returning therefrom.

Error from Jefferson district court; MARSHALL GEPHART, judge.    Opinion filed March 8; 1902.    Affirmed.

*James H. Guy,* and *E. G. Wilson,* for plaintiffs in error.

*Welch & Welch,* for defendants in error.

Bolz v. Crone.

The opinion of the court was delivered by

GREENE, J.: The plaintiffs commenced an action against defendants before a justice of the peace of Jefferson county and caused a summons to issue to Shawnee county, which was served at their residences in Shawnee county. No other summons was served on them. On the day set for trial they appeared with their attorneys and moved the court to quash the service and dismiss the action for want of jurisdiction. This motion was sustained and the cause dismissed. The defendants were in Jefferson county at the time for no other purpose than to attend to that lawsuit. Within an hour after the cause was dismissed the plaintiffs commenced another action before another justice of the peace upon the same cause alleged in their original bill of particulars. A summons was issued and served upon the defendants while they were yet in Jefferson county and before they had time to return to their homes. The defendants appeared specially, and moved the court to dismiss the action for the reason that they were residents of Shawnee county and that the court had not acquired jurisdiction of them. They filed affidavits showing that they were in Jefferson county when served in obedience to a summons served upon them in another action, wherein the same plaintiffs were plaintiffs and they were defendants, and for no other purpose; that no other service was had upon them; that the summons was served while they were in attendance at said trial and before they had time to return to their homes after said cause had been terminated. The motion was overruled and defendants excepted. They made no further appearance and judgment was rendered against them. Defendants then prepared their bill

of exceptions and filed the same together with a transcript and petition in error in the district court of Jefferson county, asking that court to set aside the pretended service and vacate the judgment. When the cause was there heard, judgment was rendered setting aside said service and vacating the judgment of the justice of the peace. From this order and judgment the plaintiffs in error prosecute error to this court.

The summons served on defendants in Shawnee county gave the court in Jefferson county no jurisdiction. Their interests, however, were involved, and demanded their presence in that court for the purpose of informing it that it had acquired no jurisdiction over them and that its process had been abused. While they were in attendance upon that court in obedience to a summons they were protected from adverse litigation. The law is that a suitor or witness in necessary attendance upon any court outside the territorial jurisdiction of his residence is exempt from the service of any summons upon him while in attendance upon such court or while going to or returning therefrom. (*Wells v. Patton*, 50 Kan. 732, 33 Pac. 15; *Christian v. Williams*, 35 Mo. App. 297; *Letherby v. Shaver*, 73 Mich. 500, 41 N. W. 677; *Andrews v. Lembeck*, 46 Ohio St. 38, 18 N. E. 483, 15 Am. St. Rep. 547; *Wilson v. Donaldson*, 117 Ind. 356, 20 N. E. 250, 3 L. R. A. 266, 10 Am. St. Rep. 48; *Feibleman v. Edmonds*, 69 Tex. 334, 6 S. W. 417.)

It is claimed that the district court erred in vacating the judgment of the justice of the peace, for the reason that the defendants below did not make a motion for a new trial before the justice. This argument answers itself. The defendants did not want a new trial; they did not want any trial before that court;

Manley v. Debentures Co.

they were insisting at all times that the court had no jurisdiction of them and had no right to hold any trial.

The judgment of the district court is affirmed.

SMITH, CUNNINGHAM, JJ., concurring.