EMMA A. REIFF, *Appellee,* v. SUSIE TRESSLER *et al.,*
*Appellants.*

No. 17,376.

SYLLABUS BY THE COURT.

1. PROCESS — *Summons on Witness — Nonresident of County —
   Venue.* One who is in good faith attending court as a wit-
   ness in a county other than that of his residence is exempt
   from service of summons in an action brought in that county,
   but if he is not a party to the litigation and is not attending
   as a *bona fide* witness he may be legally served with summons;
   and, in this case, where there is conflicting testimony as to
   whether he is attending court as a witness in good faith, the
   finding of the trial court that he did not attend in that ca-
   pacity is binding on him.

2. TORT—*Joint Liability—Summons—Venue.* Where an action
   is brought against several defendants alleging that they are
   jointly liable for causing the illegal arrest and imprisonment
   of the plaintiff and summons is served on one defendant in
   the county where the action is brought, a summons may be
   issued under section 61 of the civil code to any other county
   against codefendants residing there.

Appeal from Johnson district court. Opinion filed
January 6, 1912. Affirmed.

*McCabe Moore, John L. Little,* and *J. N. Baird,* for
the appellants.

*C. C. Hoge,* and *J. W. Parker,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On July 23, 1909, Susie Tressler,
one of the appellants herein, began an action in which
she caused the arrest of Emma Reiff, the appellee
herein, on a charge of obtaining money under false pre-
tenses. Upon a hearing of the complaint the action
was dismissed, whereupon Emma Reiff instituted the
present action for damages on account of the arrest
and false charge. The appellants reside in Wyandotte

18—86 KAN.

county while the action by Emma Reiff was commenced in Johnson county. Summons was obtained on Samuel Tressler while he was in Johnson county attending a justice of the peace court wherein an action against his wife, to recover damages on a replevin bond, was set for hearing. Another summons was issued and served on Susie Tressler in Wyandotte county. A special appearance was made by appellants and a motion filed to set aside the summons as to Samuel Tressler on the ground that he was attending court in Johnson county as a witness in behalf of his wife and was not subject to service and, because this service was illegal, there was necessarily a lack of jurisdiction of the court over Susie Tressler. On the hearing of the motion the court found that Tressler did not go into Johnson county as a witness or as a party to the suit pending in the justice court against his wife, and therefore refused to set aside the summons. The appellants afterward filed a motion to make the petition more definite and certain, which motion was overruled, and, at the same time, they filed a general denial of the allegations in the petition. They made no further appearance in the case and were not represented at the trial. A judgment was rendered against them for the sum of $2700. The case is brought here for a review of the ruling on the motion to set aside the service of summons.

It is the common-law rule, and one held to be in force in this state, that when a party is in good faith attending court, either as a litigant or witness, in a county other than that of his residence, he is privileged from arrest or the service of a summons in an action brought in that county. (*Bolz v. Crone*, 64 Kan. 570, 67 Pac. 1108, and cases cited.) The rule was again applied where witnesses went to a distant county to attend the federal court and were there served with summons. Although they had not been served with subpœnas they were held to be exempt from process. Many authori-

ties were cited giving the reason of the rule and instances of its application. (*Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564.) It was also declared that:

"The great weight of authority is to the effect that in the absence of an express statute controlling the matter the same protection is to be extended to one who comes voluntarily to give his testimony as to a witness brought in by process." (p. 411.)

It was held that under our statutes, as they then existed, a material witness who comes into another county without a subpœna is exempt from the service of a summons.

This view of the law is, in effect, conceded by the parties, but it is insisted, and the trial court held, that Tressler did not attend the court in Johnson county as a witness in good faith. He was not a party to the action, and there is considerable testimony tending to show that Tressler was not a material witness in that case, did not attend court for that purpose, and that it was not contemplated by any one that he would be used in that capacity. He accompanied the attorney who represented his wife, and he, it appears, expected to procure a continuance of the case in the event he could not effect a settlement of it. The action was on a replevin bond, given by Mrs. Tressler, the execution of which was not contested. When asked what his testimony would have been, had he been called as a witness, he mentioned matters involved in the original replevin action that were not pertinent to the action on the bond, and later he spoke as if his mission there was "coaching the attorney." He did say that he was there to testify on any point that might arise in the case, and, if he came there in good faith as a witness ready to be called and to testify as the exigencies of the case might require, he would be within the protection of the law although unable to state definitely what testimony he intended to give. A witness, or even an attorney, can hardly be expected to foresee or know what issues of fact may arise during a trial, and a party, or

his attorney, may bring witnesses to meet contingencies in the case which may never arise; and, if all acted in good faith, the witness would be entitled to exemption from service of summons. However, in this case, it was held, and apparently upon supporting testimony, that Tressler did not come within any of the privileged classes; that he was there as a volunteer and not as a suitor or witness, and hence was not entitled to the immunity afforded either. There being some testimony to support the findings of fact it is conclusive in this court in the appeal.

It is finally argued that service upon one defendant in the county in which the action is brought does not warrant a service upon another defendant in a different county in cases like this, or in any case except where the liability of the resident and nonresident defendants is joint and based on contract. The code provides:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's præcipe." (Civ. Code, § 61.)

Under this provision there is no distinction made between actions on contract liabilities and those asking a recovery for tort. If the action is rightly brought in one county summons may be issued against a codefendant in another county. Article 5 of the code (Civ. Code, §§ 48-57) provides the rule for determining whether the action is rightly brought. Some of these provisions relate to strictly local actions, and some to what might be termed quasi-local actions, enumerating them, and then it is provided:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (Civ. Code, § 55.)

It is not enough to serve a merely nominal defendant in the county where the action is instituted in order to serve a real defendant in another county. It must not

Barber v. Railway Co.

only be rightly brought in the county where the proceeding is begun but the resident and nonresident defendants must be rightly joined. (*Rullman v. Hulse,* 33 Kan. 670, 7 Pac. 210; *Marshall v. Land Co.,* 75 Kan. 445, 89 Pac. 905.)

This was a transitory action, one which might have been brought in any county where one of the defendants might be served, and, as a joint and several liability was alleged, it can not be said that the action was not rightly brought in Johnson county nor that the defendants were not rightly joined. In the absence of statutory authority the process of a court can not be sent or executed beyond its territorial jurisdiction. The statute has provided, in effect, that summons may be served in other counties where the action is rightly brought against several defendants and where the defendants are rightly joined. The limitation on the power of the courts in this respect must be found in the statute and it appears to apply as well to joint tort liabilities as to joint liabilities arising on contract. Finding no error the judgment is affirmed.