### 9664

SILVEY'S ESTATE *ET AL.* v. KOPPELL *ET AL.*

CRADDOCK-TERRY CO. v. SAME.

WARD-TRUITT CO. v. SAME.

(91 S. E. 975.)

PROCESS—EXEMPTION FROM SERVICE—ATTENDANCE AT CRIMINAL TRIAL—NONRESIDENTS.—Nonresidents of the State, being within the State for the purpose of standing their trials for a criminal offense in the Federal Court, were not subject to service of a summons and complaint in action begun against them in the State Court; as the tendency of such process would be to distract their attention from the criminal case.

Before GARY, J., Greenwood, July, 1916.    Reversed.

Actions by estate of John. Silvey, W. A. Speer, A. C. McHand and R. K. Rambo, partners known and trading under the firm name of John Silvey & Co., and by the Craddock-Terry Company, and by the Ward-Truitt Company, against Leon Koppell and Morris Koppell, partners known and trading under the firm name of the Palmetto Dry Goods Company.    From an order refusing to set aside the service of a summons and complaint upon the defendants, they appeal.

*Mr. Calhoun A. Mays,* for appellants, submits: *"That a nonresident who comes into the State, for the sole purpose of attending a litigation, either as suitor or witness, is exempt from service of civil process during his coming, his stay and a reasonable time for returning:* 83 S. C. 224; 95 S. C. 47.    *The rule of exemption embraces both civil and criminal litigations:* 113 Am. St. Rep. 81; 2 N. Y. Supp. 241; 59 Am. Rep. 844; 76 Am. Rep. 234; note in 6 A. &

E. Ann. Cases 337; note in 18 A. & E. Ann. Cases 127; note in 42 L. R. A. (N. S.) 1102; 32 Cyc. 494 (8); 73 Fed. 739; 173 Fed. 550; 4 Fed. 166; 193 Fed. 546; 5 Biss. (U. S.) 64; 20 A. S. R. 71; 101 A. S. R. 263. *That jus-. tice, good faith and comity require that a person forcibly taken from his home to another jurisdiction should be held only for the purpose for which he is taken, and should be safe from other attacks:* 119 U. S. 407. *The United States Court is of another jurisdiction and that the rule of exemption recognized in the United States Courts should govern:* U. S. Const., art. I, sec. 8, page 9; 88 C. C. A. 673. Distinguishes: 134 Am. St. Rep. 886; 3 S. C. L. 168.

*Messrs Featherstone & McGhee* and *Douglas Featherstone,* for respondents, cite: 1 Brev. 168; 83 S. C. 225; 95 S. C. 47, 49; 5 Rich. 523; 122 N. C. 786; 18 Pa. Co. Ct. 216; 70 Ga. 409; 57 N. Y. Supp. 460; 2 Woodw. (Pa.) 19; 32 Cyc. 494 (8); and submit: *The reason for the rule exempting nonresident suitors and witnesses from the service of civil process does not apply to a case in which the defendant is arrested on a criminal charge and taken into a foreign State to answer such charge:* 22 Mo. App. 623; 197 N. Y. 377; 76 S. E. 48; 138 Ga. 803. *The law permits civil suits to be commenced and prosecuted against persons who may be brought unwillingly into the State:* 5th Ill. App. 574; 10th Wend. 636. *The rule does not apply to one taken to a foreign State to answer a criminal charge, served with a summons while there:* 27 Vt. 762; 4th Clark (Pa.) 49; 1 Pitts. 117; 73 N. C. 394; 10th Wend. 636; 1 Phila. 19; 16 Q. B. 394; 3 Dowl. P. C. 675; 7 Jur. 39; 19th Ency. of Pleading and Practice 609; 136 N. Y. S. 216; 151 App. Div. 717. *The mere fact that a person is in jail or prison or in custody under a criminal charge or sentence furnishes no exemption against the service of civil process upon him:* 14th Abb. Pr. 387; 3 Yeates 387; 73 N. C. 394; 21 Am. Rep. 47; 35 Conn. 82; 5 Daly 187; 1 Abb. App. Dec. 486;

7 J. J. Marsh; 7 Paige 150; 1 Denio 666; 12 Hun. 218. *One who is at large on bail is constructively in the custody of the law. He is not in actual confinement, it is true, but he is in the custody of his bondsmen, who have been constituted his jailers. Their dominion over him is a continuance of the original imprisonment:* 83 U. S. 366; 76 U. S. 13; 197 N. Y. 377.

March 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an appeal from an order refusing to set aside the service of a summons and complaint upon the appellants. The appellants were served with the summons and complaint while they were on trial for a criminal offense in the Federal Court held at Greenwood, in this State. The defendants are nonresidents of this State, and within the State for the purpose of standing their trials. It is conceded that, if the appellants had been engaged in the trial of a civil case, the service would have been invalid.

The respondents contend that there is a difference between the attendance of a nonresident in a civil case and the attendance of the defendant on a criminal case. The one is voluntary and the other involuntary.

There are two reasons why one in attendance upon the trial of a cause in Court should not be served with process in another case: (1) Voluntary appearance might thereby be prevented; (2) the tendency to distract the attention of parties and witnesses from the cause then being tried. The second only applies here, and *Granite Brick Co.* v. *Titus,* 95 S. C. 47, 78 S. E. 540, is authority. See, also, *Stewart* v. *Ramsay,* 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. ——. The second reason applies more strongly to criminal than to civil cases. If there is ever a time when a man needs the unimpeded exercise of his every faculty, it is when he

is on trial for crime, and this is true whether he be guilty or not guilty.

The order appealed from is reversed.