RIEGLER *v*. KALAMAZOO CIRCUIT JUDGE.

1. ARREST—ONE BROUGHT INTO STATE ON CRIMINAL CHARGE MAY NOT BE SERVED WITH CIVIL PROCESS.

One brought in from another State to answer a criminal charge in this State may not be served with civil process or arrested thereon while necessarily in attendance upon court and until he has been given a reasonable opportunity to depart from the State.

2. SAME—DIVORCE—CONTEMPT PROCEEDINGS CRIMINAL IN NATURE.

Contempt proceedings under 3 Comp. Laws 1915, §§ 11443 *et seq.*, 12268 *et seq.*, Act No. 415, Pub. Acts 1919, and Act No. 158, Pub. Acts 1921, for failure to make payments required in a divorce decree are criminal in their nature rather than civil, and therefore one brought into the State to answer a criminal charge for violation of Act No. 276, Pub. Acts 1917, is not immune from arrest for contempt, while released on bail.

On right to try prisoner extradited from sister State for crime other than that for which he was surrendered, see notes in 14 L. R. A. 128; 19 L. R. A. 206; 47 L. R. A. (N. S.) 807; 14 A. L. R. 771.

Mandamus by Floyd A. Riegler to compel George V. Weimer, circuit judge of Kalamazoo county, to vacate an order denying a motion to quash an attachment in contempt proceedings.        Submitted January 2, 1923.        (Calendar No. 30,298.)        Writ denied March 23, 1923.

*R. G. Goembel,* for plaintiff.

*Joseph S. Folz,* for defendant.

CLARK, J.        Sallie Riegler was granted divorce from Floyd A. Riegler in the Kalamazoo circuit on December 5, 1919.        The decree provided that he pay $18 per week, weekly in advance thereafter, for the support of minor children.        Later a warrant was duly issued by a magistrate of Kalamazoo county charging the father with a violation of Act No. 276, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11450 [1-2]), entitled:

"An act making it a felony to neglect or refuse to obey the decree of a court of chancery providing for the support of minor children in certain cases, and to provide a penalty for the violation of the provisions of this act."

The arrest was made in Chicago where it is said the accused then resided.        Proceedings for extradition were waived.        The prisoner was conducted into the jail of Kalamazoo county.        He was later released on bail.        Immediately after such release he was arrested, on an attachment from the court which made the said decree, for contempt of court in failing and refusing to make the payments so required, the aggregate of payments in default then being $934. He moved to quash the attachment and for his discharge on the ground that he was immune from arrest on such process because he had been brought into the State of Michigan on criminal warrant and was in the

State to answer the criminal charge. The motion was denied. He seeks to compel by mandamus the granting of such motion.

It seems to be the rule in this State that one situated as was plaintiff herein cannot be served with civil process or arrested thereon while necessarily in attendance upon court and until he has been given a reasonable opportunity to depart from the State. *Weale* v. *Clinton Circuit Judge,* 158 Mich. 563, and cases there cited; *McCullough* v. *McCullough,* 203 Mich. 288; 14 A. L. R. 778; 25 C. J. p. 272.

Respecting trial and punishment for other criminal offenses it was held in *Lascelles* v. *Georgia,* 148 U. S. 537 (13 Sup. Ct. 687), quoting syllabus:

"A fugitive from justice who has been surrendered by one State of the Union to another State, upon requisition charging him with the commission of a specific crime, has, under the Constitution and laws of the United States, no right, privilege or immunity to be exempt from indictment and trial, in the State to which he is returned, for any other or different offense from that designated in the requisition, without first having an opportunity to return to the State from which he was extradited."

This holding was followed in *Re Little,* 129 Mich. 454 (57 L. R. A. 295), where it was held, quoting syllabus:

"A person arrested in another State, charged with a Federal crime in Michigan, and brought here to await the action of the Federal grand jury, may be turned over to the State authorities to be tried for a violation of our laws, without being allowed time to return to the State where he was originally arrested."

And in the *Little Case* there will be found criticism of *In re Cannon,* 47 Mich. 481, and *People, ex rel. Watson,* v. *Judge of Superior Court of Detroit,* 40 Mich. 729, cited by plaintiff.

It has been held that the process in question is

criminal, not civil.    See *Carnahan* v. *Carnahan*, 143 Mich. 390 (8 Ann. Cas. 53, 14 Am. St. Rep. 660), and cases there cited.    And support for this holding will be found in our statutes respecting the enforcement of such decrees.    See 3 Comp. Laws 1915, §§ 12268 *et seq.* and 11443 *et seq.*, Act No. 415, Pub. Acts 1919, and Act No. 158, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11449).

Bastardy proceedings in this State are not regarded as strictly criminal (*Harley* v. *Ionia Circuit Judge*, 140 Mich. 642; *People* v. *Cole*, 113 Mich. 83), but it was held in *Cady* v. *St. Clair Circuit Judge*, 139 Mich. 618, quoting syllabus:

"Bastardy proceedings are so far of a criminal nature that a person who is within the State only for the purpose of putting in special bail in an action in which he was arrested on a capias is not privileged from arrest on a charge of bastardy."

There should be a like holding respecting the proceedings in the case at bar, namely, that the proceedings are so far of a criminal nature that the plaintiff was not privileged from arrest therein.

Writ denied, with costs to defendant.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.