PHIPPS AND PHIPPS, AS DIRECTOR OF THE DEPARTMENT OF COMMERCE OF THE STATE OF OHIO, *v.* CLEVELAND REFINING COMPANY OF CLEVELAND, OHIO.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 324.    Argued March 15, 1923.—Decided April 9, 1923.

A state law applicable to interstate and intrastate commerce, which imposes fees for the inspection of petroleum products in excess of the legitimate cost of inspection, imposes a tax and is void, if not so far separable that the excess may properly be assigned to intrastate commerce alone.    P. 451.

277 Fed. 463, affirmed.

APPEAL from an interlocutory decree of the District Court restraining the collection of fees for inspection of petroleum products.

*Mr. William J. Meyer,* with whom *Mr. John G. Price,* Attorney General of the State of Ohio, *Mr. John M. Parks* and *Mr. Ray Martin* were on the brief, for appellant.

*Mr. Charles D. Chamberlin,* with whom *Mr. Hubert B. Fuller* was on the brief, for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the Court.

The Cleveland Company is a dealer in petroleum products and brought this suit to restrain the execution of an act passed by the General Assembly of Ohio, May 19,

1915, entitled "An Act to provide for the inspection of petroleum, illuminating oils, gasoline, naphtha; and the repeal of sections 844 to 868, inclusive, of the General Code." Ohio Laws, vol. 105, p. 309.

The case presented by the bill is as follows: The company is engaged in business in East Cleveland and has the necessary instrumentalities for carrying on its business (the bill enumerates them). It buys its products in other States, ships them into Ohio and receives at its place of business large quantities of them. It has contracts for them which it is bound to consummate and which it cannot perform without great loss except through its established business.

By the terms of the statute, oil intended for sale for illuminating purposes must be inspected in Ohio, and it designates the fees to be paid to the State Inspector or his deputy, which are payable on demand and are made a lien upon the articles inspected. And there are provisions which safeguard the quality of the oil.

The quantities of petroleum products are increased year by year and the revenue derived by the State will increase over and above the revenue derived in past years if the enforcement of the act is permitted to continue, and the act is repugnant to Article I, § 10, clause 2, of the Constitution of the United States forbidding States from laying imposts without the consent of Congress upon interstate commerce, except such as may be absolutely necessary for the execution of inspection laws.

The act violates Article I, § 8, giving to Congress the power to regulate commerce, and also violates certain provisions of the constitution of Ohio.

The District Court decided that " the act, except as to the amount of fees charged for inspection " was " in its essential details, and even in nearly all of the language employed, a re-enactment of the law declared unconstitutional in *Castle* v. *Mason,* 91 O. S. 296." Commenting

on the latter case, the court said it found the earlier act did not differ materially from the law pronounced void in *Foote* v. *Maryland,* 232 U. S. 494, and that also held to be void in *Red " C " Oil Manufacturing Co.* v. *North Carolina,* 222 U. S. 380. And observed, " The General Assembly, with at least constructive knowledge that, under the operations of the law, the excess of receipts over expenses was large and annually mounting, permitted the inspection charges to remain undisturbed, and in this respect its conduct has differed from the conduct of the Minnesota legislature with reference to the act considered in *Pure Oil Co.* v. *Minnesota,* 248 U. S. 158."

The conclusion of the court was upon further consideration of the facts pertinent to the purpose and quality of the act, that it was an interference with interstate commerce. The court said, " The fees prescribed by the statute are beyond the cost of legitimate inspection to determine the quality of the articles inspected, and the act is therefore not only a police measure, but a revenue measure also. Such cost by necessary operation unduly burdens and obstructs the freedom of interstate commerce, and, as such commerce cannot be separated from the intrastate shipments, the whole tax is void."

The court was of opinion that the other questions discussed by counsel were not necessary to consider.

Phipps, as an individual, was dismissed from the case except as Director of the Department of Commerce. Against him as such a temporary injunction was ordered to issue.

Appellant contests the conclusion of the court and condenses his assignments of error to the following propositions: " 1. The State's cost of interstate inspection is greater than the fees charged therefor. 2. In practical administration, the comparative cost of interstate inspection is ascertainable as distinguished from the cost of intrastate inspection."

It is admitted that these conclusions depend upon an estimate of the evidence, and the District Court adjudged against them. The court found that the fees collected from July 1, 1915, to June 30, 1920, amounted to $639,057.47; the disbursements to $321,188.68. The court further found that " The collections, when least, were sixty-three per cent. greater than the inspection costs " and had " so advanced from year to year that the fees provided by the statute must be held to be unreasonable and disproportionate to the service rendered, and the Act must be declared unconstitutional, as imposing a direct and unlawful burden on interstate commerce, unless interstate shipments under the provisions of the Act are separable from intrastate shipments and the fees collected for the inspection of the former are equal or substantially equal to the cost of inspecting shipments of that character. The defendant's [appellant's] position is that the two classes of shipments are thus separable, and the interstate shipments have in fact been inspected at a loss to the State."

The position was held untenable by the court upon considerations and reasoning which we need not reproduce. It is enough to say we approve of them. It is contended by appellant that whatever defects may exist on the face of the act, may be and will be corrected in its administration, and whatever excess there may be in the fees collected will not be assigned to interstate commerce. There is quite a minute and detailed argument to show how this can be done. The District Court upon consideration in connection with the evidence rejected it, and we affirm its judgment.

*Judgment affirmed.*