THOMAS et al. v. BLACKWELL.

No. 23644.    June 4, 1935.

Pruett & Wamsley and A. R. Ash, for plaintiffs in error.

E. N. Sasseen and Massingale, Duff & Bailey, for defendant in error.

McNEILL, C. J. This action involves the privilege of a nonresident defendant in a criminal action to claim exemption and immunity from service of summons in a civil action when arrested and brought by compulsion to attend a court outside of the territorial jurisdiction of his residence, to answer a criminal charge of driving an automobile while under the influence of intoxicating liquor. The civil action and the criminal action grow out of the same facts involved in an automobile accident.

In this case there is no controversy in respect to the essential facts. On February 23, 1931, plaintiff, while driving a car on State Highway No. 41, within the city of Cordell, Washita county, sustained personal injuries and damages to his car as the result of a collision with an automobile driven

by defendants. After the accident the defendants proceeded to their respective residences, in Carnegie, Caddo county. On March 19, 1931, plaintiff filed a criminal complaint before the justice of the peace in the New Cordell district in Washita county, charging defendants with the commission of the public offense of driving a motor vehicle at the time of said accident while under the influence of intoxicating liquor. Plaintiff, on the same day that the criminal complaint was filed, also filed in the district court of said county an action against said defendants for damages. Warrants and summons were issued on the same day that the complaint and petition for damages were filed, and they were received on that day by the sheriff of Washita county. The defendants were arrested on March 21, 1931, at Carnegie, Caddo county, and were taken before said justice of the peace in Washita county for arraignment. After the defendants were arraigned they gave bond for their appearance. Immediately after their appearance, bonds were accepted, and, while in the office of said justice of the peace, they were served with summons in the case at bar. Said defendants promptly and timely filed separate motions to quash said summons, narrating in said motions the aforesaid facts, in substance, and, by reason thereof, attacked the jurisdiction of said court over their persons upon the ground that they were not subject to service in a civil action in Washita county while they, as suitors and as defendants, were attending, involuntarily, said court of the justice of the peace, and for that reason the service attempted to be obtained against them in said civil action was illegal.

The trial court overruled this motion to quash. The defendants excepted thereto and thereafter filed their separate answers, objecting to the jurisdiction over their persons upon the same grounds which they had set forth in said motions to quash, and denied generally and specifically in said answer all the material allegations contained in the petition of plaintiff. In addition thereto, said defendants interposed a plea of contributory negligence.

The case was tried to a court and jury, which resulted in a verdict for the plaintiff in the sum of $2,000 as actual damages.

Seven specifications of error are urged by defendants. We consider only the jurisdictional question presented in the motion to quash and renewed in the answer of the defendants.

Prima facie, this record does not smack of bona fide intentions. The plaintiff in the civil action is also the prosecutor in the criminal proceedings. The service of the summons in the civil action was received by the sheriff on the same day that the warrant in the criminal action was issued. The civil and criminal proceedings were instituted on the same day. These facts presumptively negative the theory that the bringing of the civil action and the commencement of the criminal proceedings were any mere coincidence. Such facts, moreover, are strongly persuasive of a warrantable conclusion that there has been an abuse of criminal proceedings by a private litigant for the purpose of subjecting a nonresident to civil liability. Under such circumstances, an effective bar should be placed upon a practice which seeks the misuse of power to acquire jurisdiction over a person under the guise of criminal proceedings for ultimate private gain.

Under section 5064, R. L. 1910 (603, O. S. 1921), immunity has been granted to witnesses. We have no statutory provisions granting immunity to suitors. In the case of Wells v. Shriver, 81 Okla. 108, 197 P. 460, this court said:

"The Code of Civil Procedure in this state originated in New York; Ohio adopted it from New York; Kansas adopted it from Ohio; and Oklahoma adopted it from Kansas. Therefore, the decisions of these states are very persuasive."

In the case of Compton, Ault & Coe v. Wilder, 40 Ohio St. 130 (1883), Wilder, a citizen of Pennsylvania, was extradited from that state to be prosecuted by the state of Ohio for an alleged crime. Compton, Ault & Coe had filed a complaint with a magistrate in the state of Ohio charging Wilder with the crime of having obtained a promissory note of said company by false pretenses. The company made application to the Governor of Ohio for the extradition of Wilder. The Governor of Pennsylvania, upon the requisition of the Governor of Ohio issued at the request of said company, surrendered Wilder to the state of Ohio. After the extradition had been made, Wilder was taken before the magistrate and gave bond for his appearance for the following day. Wilder appeared pursuant to his bond and entered into a recognizance to appear at the first day of the next term of court. After bond had been given, Wilder was released from custody and, while waiting for the next train to leave for his home, Compton, Ault & Coe commenced a civil action against him upon the alleged indebtedness

arising out of the note mentioned in the criminal prosecution and had a summons and order of arrest served upon him. He promptly asked the court to set aside the service of summons and order of arrest and to discharge him from custody.

In that case the question of privilege from service was fully discussed. It was held that the service of a summons and an order of arrest in a civil action, brought by said complainant against the citizen of Pennsylvania after he had entered into a recognizance to appear at the next term of court, and before conviction, and before he had an opportunity to return to his home, was rightfully set aside, and that Wilder, having been brought by force into Ohio for a specific purpose, should not be deprived of any rights except such as he had forfeited by the commission of the alleged crime, and that it was his right to be sued in the jurisdiction in which he was domiciled unless he voluntarily came into the jurisdiction of Ohio.

In that case the court said:

"To secure a service of summons, in a civil action like the one we are considering, is not one of the objects intended to be accomplished by this grant of power (extradition). In a country like ours this power is useful and indispensable. It was intended, however, to subserve great public interest. When otherwise used it becomes an evil.

"The temptation to make it subservient to private interests is great. This weapon, intended alone to secure the punishment of crime, is frequently resorted to, to enforce the collection of private debts or to remove a citizen from his home into a foreign jurisdiction that he may there be served in a civil action.

"This growing evil has been seen and appreciated by the chief executives of many states, and to guard against it rules and regulations are being adopted which may make the extradition of an alleged fugitive, in a proper case, extremely difficult. It has been recognized by both the executive and legislative branches of our government, as is shown by their former action.

"The judicial should be as swift in putting the seal of condemnation upon this abuse as have been the other branches of the government. The certain remedy to prevent its growth is, to deprive all persons who participate in the misuse of the power to extradite persons alleged to be fugitives from justice of the fruits resulting from such participation."

In the case of Eaton v. Eaton (Kan.) 243 P. 1040, the defendant, a resident of Texas,

went to the state of Kansas to visit his children, the husband and wife having separated, and the wife having acquired a domicile in Kansas. While visiting the children in Independence, Kan., the defendant was arrested on complaint for nonsupport of the children and he gave bond for appearance at the trial. Thereafter, on the day of the trial, defendant was personally served with a summons in an action for a divorce and alimony which had been filed prior to the date of the trial on the criminal charge. In that case the defendant permitted a judgment to be entered against him for alimony and did not attack said judgment until some time after the rendition of the same, when he appeared specially to set aside the personal judgment on the ground of invalidity of service made on him at the time he was in attendance at the criminal trial. In that case the court held that, under all the authorities, service of civil process on a privileged person is not void; it is merely irregular and voidable, and that the judgment rendered without due assertion of the privilege must be claimed at as early a stage in the proceedings as possible, and that the procedure in the state of Kansas was to present this claim of privilege by motion or by answer presenting the single question of privilege. However, in that case, the court said:

"It is settled law of this state that a suitor in necessary attendance on any court outside the territorial jurisdiction of his residence is exempt from service of any summons upon him while in good faith going to, attending, or returning from court. Bolz v. Crone, 67 P. 1108, 64 Kan. 570. The exemption rests on principles of the common law (Reiff v. Tressler, 120 P. 360, 86 Kan. 273; Oil Co. v. Beutner, 167 P. 1061, 101 Kan. 505), and the later and just tendency is to extend rather than to restrict the privilege (Underwood v. Fosha, 85 P. 564, 73 Kan. 408, 9 Ann. Cas. 833). The defendant in a criminal case has the privilege of being a witness in his own behalf. The policy of the law which exempts other nonresident witnesses from service of civil process applies to him, and the clear weight of authority is that, while defendant was in this state for the purpose of responding to the criminal charge, and pursuant to his bond given in the criminal case, he was exempt from service of civil process. Church v. Church, 270 F. 361, 50 App. D. C. 239, 14 A. L. R. 771; Prescott v. Prescott, 122 A. 611, 95 N. J. Eq. 173."

Alderson, Judicial Writs and Process, page 245, announced the following rule:

"Nonresident Attending Judicial Proceedings. The right of the citizen to be sued in the courts having jurisdiction over the place

490

of his domicile is an elementary principle, and from it springs a personal privilege, which is one of the reasons of the universal rule that a resident of one county or state is exempt from the service of civil process while attending a judicial proceeding in another.

"* * * While the rule is the creation of the principles of the common law, yet has been truly said not to be peculiar to the law of England, 'Nor does it spring from the peculiar system of Kings, lords, and commons.' It is as ancient as Edward the Confessor, and is consistent with, nay, necessary to the universal equality established in a republic. * * * It has been recognized and adopted in its fullest extent in the courts of the United States, and in several of the states of this Union. * * * It is an ample shield, covering alike the suitor and the witness, the juror and the judge, and protecting from impediment the administration of the justice between man and man."

In the case of Silvey's Estate v. Koppell (S. C.) 91 S. E. 975, a nonresident defendant was in the state of South Carolina to attend his trial in the criminal court for a criminal offense. That court held him to be immune from the service of civil process, and said:

"There are two reasons why one in attendance upon the trial of a cause in court should not be served with process in another case: (1) Voluntary appearance might thereby be prevented; (2) the tendency to distract the attention of parties and witnesses from the cause then being tried. The second only applies here. * * * The second reason applies more strongly to criminal than to civil cases. If there is ever a time when a man needs the unimpeded exercise of his every faculty, it is when he is on trial for crime, and this is true whether he be guilty or not guilty."

It appears to be the general rule that nonresident suitors and witnesses in attending upon a trial in a foreign jurisdiction are for a reasonable time immune from a service of process upon them in the county in which they are attending court in good faith. The rule is founded upon the necessity of judicial administration or upon the question of public policy. See note in 14 A. L. R. 781, citing the following cases: Smith v. Canal Zone (1918) 161 C. C. A. 281, 249 Fed. 273; Byler v. Jones (1889) 79 Mo. 261; Morris v. Dowell (1918) (Mo. App.) 205 S. W. 229; Re Walker (1901) 61 Neb. 803, 86 N. W. 510, 12 Am. Crim. Rep. 343; Rutledge v. Krauss (1906) 73 N. J. L. 397, 63 Atl. 988; Adriance v. Lagrave (1874) 59 N. Y. 110, 17 Am. Rep. 317, reversing (1874) 1 Hun, 689; Slade v. Joseph (1874) 5 Daly (N. Y.) 187; Re Henderson (1914) 27 N. D. 155, 51 L. R. A. (N. S.) 328, 145 N. W.

574; Re Cannon (1882) 47 Mich. 481, 11 N. W. 280; Christian v. Williams (1892) 111 Mo. 429, 20 S. W. 96; White v. Marshall (1902) 23 Ohio C. C. 376. See 40 A. L. R. 93, note, citing the following cases: Re Hall (1924) 296 Fed. 780, petition to revise dismissed in (1924) 2 F. (2d) 1016; Riegler v. Kalamazoo Circuit Judge (1923) 222 Mich. 421, 192 N. W. 690. See, also, Murray v. Wilcox, 122 Iowa, 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 46, 61 L. Ed. 192; Phipps v. Clev. Ref. Co., 261 U. S. 449, 43 S. Ct. 418, 67 L. Ed. 739; State v. District Court, 34 Wyo. 288, 243 P. 123; Kelly v. Pennington, 78 Colo. 482, 242 P. 681. 45 A. L. R. 339; Prescott v. Prescott, 95 N. J. Eq. 173, 122 A. 611; Filer v. McCornick (D. C.) 260 F. 309; Hammons v. Superior Court, 63 Cal. App. 700, 219 P. 1037; Bolz v. Crone, 64 Kan. 570, 67 P. 1108; Underwood v. Fosha et al., 73 Kan. 408, 85 P. 564, 9 Ann. Cas. 833; 50 C. J. 556, sec. 242; Murray v. Wilcox (Iowa) 97 N. W. 1087; Palmer v. Rowan (Neb.) 32 N. W. 210; Jacobson v. Hosmer (Mich.) 42 N. W. 1110; State ex rel. Hattabaugh v. Boynton (Wis.) 121 N. W. 887; Martin v. Bacon, 76 Ark. 158, 88 S. W. 863; Weale v. Clinton, Circuit Judge (Mich.) 123 N. W. 31; Whited v. Phillips (W. Va.) 126 S. E. 916; 21 R. C. L. 1313; and Kaufman v. Garner, 173 Fed. 550.

We are not unmindful of the lack of harmony in the decisions in other jurisdictions, and no case has been called to our attention where the specific question involved in the instant case has been passed upon by our court. However, we find dictum. See Burroughs v. Cocke & Willis, 56 Okla. 627, 156 P. 196.

In the case at bar we are concerned with the specific question of whether a nonresident, who is compulsorily brought into a county other than his residence to attend court in answer to a criminal charge pending against him, should be immune from service of civil process while in attendance before such court when timely application is made to claim immunity from such service.

At common law the exemption seems to have applied only to arrests. In the early English cases it appears that this privilege of immunity in civil cases was for the purpose of encouraging suitors and witnesses to attend court in order that justice might be freely and impartially administered. This rule does not seem to have been extended to a party who was actually in custody under a criminal charge. The law did not

exempt such a person from service of process in civil suits. See Netograph Mfg. Co. v. George R. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, citing 1 Chitty, Crim. Law, 661, Foster, Crim. Law, 61, 62; Tidd. Pr. 306; 2 Archbold Pr. 122. The apparent theory for this exception to the general rule of privilege was that such a party could not assert that he was employed in any manner in the furtherance of the ends of justice or in promoting or encouraging voluntary submission to judicial proceedings, because he came not voluntarily but under compulsion, and for that reason he should not be entitled to the privilege of exemption of a writ in a civil action served upon him while in attendance upon a court in connection with a criminal charge. But it must be remembered that in our jurisdiction no presumption exists against one charged with crime, and the rights of one so charged cannot be violated and must zealously be maintained by the courts under the guaranties of our state and federal Constitutions.

The federal courts have uniformly recognized this rule of privilege. In the case of Stewart v. Ramsey, 242 U. S. 128, Mr. Justice Pitney, speaking for the Supreme Court of the United States, said:

"The state courts, with few exceptions, have followed this rule, applying it to plaintiffs as well as defendants, and to witnesses attending voluntarily as well as those under subpoena. Illustrative cases may be cited. Richardson v. Smith, 74 N. J. L. 111, 114; Mathews v. Tufts, 87 N. Y. 568; Mitchell v. Huron Circuit Judge, 53 Mich., 541; Andrews v. Lembeck, 46 Ohio St. 38; Wilson v. Donaldson, 117 Ind. 356; First Natl. Bank v. Ames, 39 Minn. 179; Linton v. Cooper, 54 Neb. 438; Bolz v. Crone, 64 Kan. 570; Murray v. Wilcox, 122 Iowa, 188; Martin v. Bacon, 76 Ark. 158.

"There are a few cases to the contrary, of which Bishop v. Vose, 27 Conn. 1, 11; Baldwin v. Emerson, 16 R. I. 304; Lewis v. Miller, Judge. 115 Ky. 623, are instances.

"In Blight v. Fisher (1809) Pet. C. C. 41, Fed. Cas. No. 1542, Mr. Justice Washington, sitting at circuit, held that the privilege of a suitor or witness extended only to an exemption from arrest, and that the service of a summons was not a violation of the privilege or a contempt of court unless done in the actual or constructive presence of the court. But in Parker v. Hotchkiss (1849) 1 Wall. Jr. 269, Fed. Cas. No. 10,739, District Judge Kane, with the concurrence, as he states, of Chief Justice Taney and Mr. Justice Grier, overruled Blight v. Fisher, and sustained the privilege in favor of a nonresident admitted to make defense

in a pending suit and served with summons while attending court for that purpose, the court declaring: 'The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a lawsuit for displeasing parties by their testimony; and even parties in interest. whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense, if they were liable to be visited on the instant with writs from the defeated party.' Since this decision, the Federal Circuit and District Courts have consistently sustained the privilege. Juneau Bank v. McSpedan, 5 Bissell, 64; Fed. Cas. 7, 582; Brooks v. Farwell, 4 Fed. Rep. 166; Atchison v. Morris, 11 Fed. Rep. 582; Nichols v. Horton, 14 Fed. Rep. 327; Wilson Sewing Mch. Co. v. Wilson, 22 Fed. Rep. 803; Small v. Montgomery, 23 Fed. Rep. 707; Kinne v. Lant, 68 Fed. Rep. 436; Hale v. Wharton, 73 Fed. Rep. 739; Morrow v. U. H. Dudley & Co., 144 Fed. Rep. 441; Skinner & Mounce Co. v. Waite, 155 Fed. Rep. 828; Peet v. Fowler, 170 Fed. Rep. 618; Roschynialski v. Hale, 201 Fed. Rep. 1017."

The case of Netograph Mfg. Co. v. George R. Scrugham, supra, is often quoted in support of the rule that this privilege should not be granted, but that case is plainly distinguishable from the facts in the instant case. In that case the nonresident, voluntarily, in the first instance, came into the state of New York and while so remaining, was charged with crime. Thereafter, he was admitted to bail and left the state and while at large on bail returned to the state in which the crime was alleged to have been committed for the purpose of attending the criminal proceedings. The opinion seems to be founded upon the concrete question of whether a person under such circumstances was in attendance upon the court voluntarily or under compulsion of law. That court reasoned that when the defendant was released on bail he was delivered to the custody of his sureties and while at large was constructively in the custody of the law; that such an attendance could not be voluntary, but was compulsory, and for that reason the nonresident was not within the rule privileging suitors and witnesses from processes of court while going to, attending at, or returning from court. In that case the

court specifically held that a nonresident coming into the state in accordance with his bail bond to attend his trial upon indictment found against him while he was in the state was not exempt from service of process in a civil suit. But in the case at bar defendants are forcibly brought into a county other than their residence to attend court and then served with civil process. Such a procedure is odious and constitutes a sham, trickery, and abuse of process, when the prosecutor and plaintiff are one and the same person. It implies one motive for another.

The Supreme Court of Washington in the case of State ex rel. Gunn v. Superior Court for King County et al., 189 P. 1016 (1920), considered the exemption of a nonresident in a civil suit by a five to four opinion, holding that the nonresident was immune from service of process in a new suit when he had come to that state solely to defend himself in a civil action in which he had been named as a defendant as the result of an automobile accident which had resulted in personal injuries to the plaintiff. In that case the Supreme Court of Washington set forth an array of authorities and specifically announced that it was not considering the privilege existing in criminal actions. Subsequently, in 1928, this same court considered the privilege existing in an action wherein the defendant was tentatively charged with the commission of a public offense in the case of Husby v. Emmons (Wash.) 268 P. 886, and cites in support of its opinion the Netograph Mfg. Co. Case, supra.

As opposed to the views set forth in the case of Husby v. Emmons, supra, the Court of Appeals of Kentucky, in the case of Cummins' Adm'r v. Scherer (1929) 21 S. W. (2d) 836, held that a nonresident attending court as a defendant in a criminal action in compliance with conditions of a bail bond was exempt from service of civil process. In that case that court, after referring to the annotations in 14 A. L. R. and 40 A. L. R., supra, made the observation that the federal courts and the Supreme Courts of Arkansas, Iowa, Michigan, Nebraska, New Jersey, Wisconsin, and West Virginia exempted nonresidents of the state from service of civil process while his presence in the state was in compliance with the conditions of a bail bond; and that the contrary view had been adopted by the courts of New York, North Dakota, and Connecticut. In support of the contrary views there were cited the cases of Netograph Mfg. Co., supra; Ryan v. Ebeckle, 102 Conn. 12, 128 A. 14; and Re Frank Henderson, 27 N. D. 155, 145 N. W. 574, 51 L. R. A. (N. S.) 328. The case of Cummins' Adm'r, supra, also cites the case of Feuster v. Redshaw (Md.) 145 A. 560. See, also, Wheeler v. Flintoff et al. (Va.) 159 S. E. 112; Kelly v. Shaffer (Iowa, 1931) 239 N. W. 547; Lomax v. Lomax (Ga.) 168 S. E. 863; Prescott v. Prescott (N. J.) 122 A. 611; Michaelson v. Goldfarb (N. J.) 110 A. 710.

In the Cummins' Adm'r Case, supra, the Court of Appeals of Kentucky said:

"All courts hold that, where the attendance of the defendant is procured by an arrest caused for the sole purpose of securing jurisdiction so he may be served with civil process, the service of the process will be set aside. We are of the opinion that the same rule should be applied whether the criminal process was used as a pretense or was issued in good faith."

In the case of Michaelson v. Goldfarb, supra, the defendant was a nonresident of the state of New Jersey. He was a defendant under indictment and at large on bail. When he was leaving the courthouse in the state of New Jersey, to return to his home in Brooklyn, he was served with a summons in a civil action. In that case the Supreme Court of New Jersey said:

"For all practical purposes, a defendant under bail is as free as any other man, so long as he keeps to the terms of his bond and retains the confidence of his sureties. If he is 'in the custody of the law,' so also, we suppose, is a defendant who has given cash bail or has been discharged on his own recognizance. In all three cases the bail is in a practical sense merely a security for his appearance. The distinction between this case and Rutledge v. Krauss becomes striking if we assume that this defendant had violated his bail bond, had fled, and had been recaptured and brought here. And it can readily be seen that defendants under bail would be tempted to evade our courts if they are aware that by voluntarily coming here to face an indictment, they are rendering themselves liable to summons or capias in a civil action. We might add that similar reasoning might well induce witnesses under bail in criminal cases to take similar action."

The privilege of exemption should not be arbitrarily granted. Each case should be determined upon its own particular facts. It should have its limitations and be subject to exceptions, and the general rule should not be inflexibly enforced without reference to circumstances. Nichols v. Horton, 14 Fed. 327; Alderson on Judicial Writs and Process, sec. 119, page 249.

One of the exceptions to the general rule has been set forth in the case of Nichols v. Horton, supra. In that case it was aptly said:

"Where the parties or witnesses, while in attendance upon the trial, including going to and returning from the place of trial, do no wrong or injury to third parties, they may claim the protection of the privilege of exemption from service of civil process, but where they lay aside the character of parties or witnesses, and for their own behalf and benefit give cause for the institution of actions against them on behalf of third parties, then it would seem just to hold that they cannot invoke the privilege in question, but that by such action on their part they must be deemed to have waived the exemption. In the exercise of the right of bringing suit in such cases, it would be the duty, however, of such third party, in instituting his proceedings for the protection of his rights to see to it that he does not in fact interrupt the trial of the cause upon which the party or witness is in good faith in attendance."

After a review of the authorities, we are of the opinion that the due administration of justice will be served better by following the general rule announced by the Supreme Court of the United States in the case of Stewart v. Ramsey, supra, and that a nonresident while in attendance of the court in good faith, whether voluntarily as a witness or as a suitor, or under compulsion, should be allowed immunity from service of process for a reasonable time while going to, attending at, or returning from court, in the furtherance of the administration of justice and as a wholesome public policy, when timely application is made to claim such immunity from service, subject, however, to exceptions dependent upon the circumstances in the case.

Judgment reversed and cause remanded, with directions to sustain motion to quash.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.