## BERRYHILL v. STUFFLEBEAN.

No. 24557.   Feb. 18, 1936.

Rehearing Denied April 7, 1936.

Welch & Welch, for plaintiff in error.

Blanton, Curtis & Blanton, for defendant in error.

McNEILL, C. J. This action concerns the privilege of exemption and immunity from service of summons in a civil action upon a nonresident defendant while in custody of the law on a criminal charge.

It appears that the plaintiff was returning from Oklahoma City to his home at Pauls Valley, in Garvin county. On the evening of December 8, 1931, between 6:30 and 7:00 p. m., plaintiff, while driving his automobile at about 40 miles per hour, the weather being cloudy and misty, collided with the rear of defendant's truck as it was parked on a part of the highway. Defendant was returning with his truck to Antlers, in Pushmataha county. The accident occurred in McClain county, which lies immediately north and contiguous to Garvin county. After the collision plaintiff went to his home and returned with the officers of Garvin county to intercept and arrest defendant while defendant was continuing on his way through Garvin county to his home in Pushmataha county.

Plaintiff admits that he procured defendant's arrest for the purpose of holding him in custody under a criminal charge until he could file a civil action for damages against defendant and serve him with a summons.

Defendant, at the time of the arrest, had proceeded as far as the little town of Stratford, which is at the extreme eastern portion of Garvin county, the resident county of plaintiff. The defendant, when arrested, requested permission to make bond. This was denied. Thereafter, that night, the defendant was taken from Stratford to Pauls Valley, the county seat of Garvin county, by the officers, and again the defendant requested to be taken before a judge or justice of the peace at Pauls Valley for the purpose of making a bond. This request was likewise denied, and defendant was then placed in the city jail at Pauls Valley. One hundred forty dollars in cash was taken from his person for safekeeping by the officers. The next morning defendant was removed from the city jail to the county jail of Garvin county at Pauls Valley, and while in custody was served with summons in the civil suit which plaintiff had filed against him for damages growing out of the collision. After the summons was served, defendant was released. Thereafter defendant timely filed his motion to quash service of summons and claimed the privilege of immunity. This motion was overruled, and thereafter judgment was rendered against defendant.

The matter of privilege of immunity from service of summons in a civil action, when served upon a defendant while he is held in custody under a criminal charge, has been considered recently by this court in the case of Thomas v. Blackwell, 172 Okla. 487, 46 P. (2d) 509. In that case nonresident defendants were arrested in the county of their residence and compulsorily brought into another county in which plaintiff resided, and while in such custody and in the territorial jurisdiction of plaintiff's residence, they were served with civil process to answer a suit in damages. The question of the privilege of immunity was dealt with at length in that case. Although the facts are plainly differentiated from the facts in the present case, yet the same principle of law is applicable.

The record shows that the plaintiff in the case at bar sought and procured the arrest of defendant, a nonresident, under the guise of a criminal proceeding for the sole purpose of forcibly detaining said defendant in order that territorial jurisdiction might be secured over him so that plaintiff might subject him to civil liability in the county where plaintiff resided. Courts cannot sanction such methods of securing service in a civil action. When that kind of procedure is employed for such a purpose it constitutes a misuse and abuse of the criminal process of the state. The abuse of such power cannot be approved or permitted so as to make it subservient to private gain.

Under the rule announced in the case of Thomas v. Blackwell, supra, and cases cited therein, this cause is reversed and remanded, with directions to dismiss the action against the defendant.

BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.